## SUPREME COURT — SENECA COUNTY.

### August, 1923.

## THE PEOPLE EX REL. NETTIE CASE TAYLOR v. BURT E. SMALLEY, SHERIFF.

(121 Misc. 331.)

(1) HABEAS CORPUS—JURISDICTION OF MAGISTRATE TO COMMIT DEFENDANT TO AWAIT ACTION OF GRAND JURY.

Where the depositions and testimony taken upon a hearing before a magistrate of a charge of murder in the first degree present sufficient proof of the commission of the crime and there is some testimony from which the magistrate might determine that there was sufficient cause to believe the defendant guilty, the magistrate acquires jurisdiction and his action in committing the defendant to await the action of the grand jury will not ordinarily be reviewed upon habeas corpus.

(2) SAME—RIGHT OF DEFENDANT TO SUBPOENA AND EXAMINE WITNESS EMPLOYED BY DISTRICT ATTORNEY.

Upon the cross-examination before the magistrate of a boy twelve years of age in an attempt to discredit his deposition by a demonstration of his alleged deficient mentality and lack of general knowledge, defendant was permitted to go into those matters at much length and seemingly developed all that could be hoped for on the subject. Held, that a ruling of the magistrate that he would not permit more of that kind of testimony and would confine counsel to an examination of the wit-

ness' knowledge of the facts of the case was not an abuse of discretion, but were it otherwise, the ruling was not reviewable on habeas corpus.

(3) SAME.

A chemist employed by the district attorney to make an examination of a hatchet found at or near the scene of the crime and upon which there were stains believed to be human blood, was at defendant's request subpoenaed, and being sworn as a witness in her behalf was asked if he received from the sheriff or district attorney a certain hatchet for examination, to which question the district attorney objected "as out of order, no foundation laid; none can be laid;" after which the record disclosed the following colloquy: "The Court: You can't compel the district attorney to produce his exhibits on this examination, and without the exhibits I don't see how there can be any testimony in regard to them. [Objection. Sustained. Exception.] Mr. Beare: I would like to have it appear that in sustaining that objection the court rules that I may not examine this witness as to any facts which he has learned in his examination in this case. The Court: Yes, in his examination for the district attorney *unless a proper foundation is laid.* Mr. Beare: I wish it also to appear that I called the court's attention to the fact that the depositions set forth by the district attorney stated that those stains appeared to be blood stains, and I wish to bring from this witness certain facts that would controvert that statement." Held, that the indisputable right of the defendant to examine said witness in an effort to convince the magistrate that the facts did not warrant defendant's commitment could not properly be denied her.

Both the district attorney and the magistrate were in error in their assumption that no foundation for the proposed evidence could be laid and that the district attorney could not be required to produce the hatchet if it existed.

(4) SAME.

The ruling that no foundation for the testimony could be laid was premature and at best an expression of the magistrate's opinion on the case as it then was, and there being no claim that such foundation was laid or attempted to be laid, justice did not require that the commitment be vacated because of an error in excluding a question of no importance.

(5) SAME—CODE CRIM. PROC., §§ 188-221-B.

A writ of habeas corpus sued out by defendant to review her commitment upon the ground that she was deprived of the examination to which she was entitled under the provisions of section 188-221-b of the Code of Criminal Procedure dismissed, and the relator remanded to the custody of the sheriff.

RETURN of a writ of habeas corpus.

*Clifford L. Beare,* for relator.

*Leon S. Church, District Attorney,* opposed.

SAWYER, J.:

Relator has been committed by the county judge of the county of Seneca, acting as a magistrate, to await the action of the grand jury upon the charge of murder in the first degree. By this writ it is sought to review that action upon the ground that she was deprived of the examination to which she was entitled under the provisions of sections 188 to 221-b of the Code of Criminal Procedure. While depositions and testimony do not present a very clear and convincing case against her, they contain, nevertheless, sufficient proof of the commission of the crime of murder and some testimony from which the magistrate might determine there was sufficient cause to believe the defendant guilty thereof. The law is well settled that, under such circumstances, he acquired jurisdiction and his action in the premises will not, ordinarily, be reviewed upon an application of this character. (Matter of Henry, 13 Misc. 734; People v. Perrin, 170 App. Div. 375-377.)

The record presents, however, certain rulings which are claimed to have deprived her of any opportunity to present to the magistrate before whom she was examined facts establishing the lack of sufficient grounds to believe her guilty of the crime charged against her.

She concedes the general proposition that an error in the admission or exclusion of evidence cannot be reviewed in this manner but urges that the effect of the rulings in question was an invasion of her right to an examination and, therefore, destroys any jurisdiction, which otherwise might exist, to commit her. At the best the point is close and technical but I do not deem it necessary to determine whether such a distinction can be said to exist for the rulings complained of do not, in my opinion, present it for determination.

35

One of the persons called for cross-examination was a boy about twelve years of age, whose deposition was attempted to be discredited by a demonstration of his alleged deficient mentality and lack of general knowledge.    Relator was permitted to go into those matters with him at much length and seemingly developed all that could be hoped for upon the subject.    The magistrate finally stated, in substance, that he would not permit more of that kind of testimony and would thereafter confine counsel to an examination of the witness' knowledge of the facts of the case.    This ruling was purely discretionary as is, within reasonable limits, nearly all cross-examination.    The lad had been thoroughly examined along the line indicated and I agree with the learned judge that no benefit to either relator or the People would probably have resulted from its continuation.    The refusal to permit further testing of his capacity involved no abuse of discretion, but, were it otherwise, the ruling falls squarely within the usual principle governing errors in these proceedings and cannot be reviewed by habeas corpus.

Relator's real complaint is based upon the exclusion of the testimony of one Bantrell, a chemist who had been employed by the district attorney to make an examination of a hatchet and other articles found at or near the scene of the crime and upon which there were stains believed to be human blood.

No deposition had been made by Mr. Bantrell but at defendant's request he was subpoenaed and put upon the stand as a witness in her behalf.    The district attorney from the outset vigorously objected to this witness being permitted to testify to anything he had learned in the course of his employment by the People and seems to have thought that because of such employment the witness was not available to the defendant for any purpose.    Various statutes create a barrier either of incompetency or privilege against certain classes of persons or their testimony, but, so far as I am aware, no odor of legal sanctity surrounds a person hired to assist the district attorney in sending a supposed murderer to the electric chair.    Except as for-

bidden by statute, any person whom a defendant deems necessary for his defense may be called and examined by him as to his knowledge of anything bearing upon the case directly or indirectly and without reference to how that knowledge was acquired, and this is especially true in an examination like this.

Relator's right to examine Mr. Bantrell in the attempt to convince the magistrate that the facts did not warrant her commitment is indisputable and could not properly be denied her, though the district attorney, or even the magistrate, suspected only a " fishing excursion " to have been in contemplation.

In the instant case the witness was asked if he received from the sheriff or district attorney a certain hatchet for examination, to which the district attorney objected " as out of order; no foundation laid; none can be laid; " after which the record shows the following colloquy: " The Court: You can't compel the district attorney to produce his exhibits on this examination, and without the exhibits I don't see how there can be any testimony in regard to them. [Objection. Sustained. Exception.] Mr. Beare: I would like to have it appear that in sustaining that objection the court rules that I may not examine this witness as to any facts which he has learned in his examination in this case. The Court: Yes, in his examination for the district attorney *unless a proper foundation is laid*. Mr. Beare: I wish it also to appear that I called the court's attention to the fact that the depositions set forth by the district attorney stated that those stains appeared to be blood stains, and I wish to bring out from this witness certain facts that would controvert that statement." Upon the argument before me there was some talk between counsel concerning further conversation not shown by the record but no stipulation that it should be considered in this proceeding was entered into, as relator's counsel seems to believe.

At the outset I may remark that both the district attorney and the magistrate were in error in their assumption that no foundation for the proposed evidence could be laid and that the district

attorney could not be required to produce the hatchet in question, if one existed.    A criminal investigation is not a game of chance, or skill nor of cunning.    It is an attempt to ascertain the truth concerning the commission of a crime; nothing more —nothing less.

This relator stood charged with willful murder, and she, like every person charged with crime, was surrounded by our law with the presumption of innocence as well as with certain safeguards against improper conviction, which safeguards prosecuting attorneys, in their zeal for faithful performance of duty, not infrequently forget or ignore.    One of these is the opportunity to see *and examine* all witnesses, animate or inanimate. There was no exclusive ownership or right of possession to the hatchet in question vested in the People.    It was an object to which she had as much right of access as the sheriff or district attorney, and by a proper subpoena she might require it to be produced upon her examination for such use as she desired to make of it—its freedom from tampering being of course safeguarded.

Section 308 of the Code of Criminal Procedure provides that the opinion evidence of the People's witnesses may be met by that of expert witnesses provided at public expense for a poor defendant.    I take it that no expert could testify for this defendant, either at her own or at public expense, if the hatchet in question is carefully hidden away to be " sprung " upon the trial without opportunity for her, her counsel or her witnesses to see and examine it.

These last suggestions are, of course, *obiter,* but are made because of the evident misapprehension as to defendant's rights and of his duty which this record shows the People's counsel to have had.    As for the court's ruling that no foundation for the testimony could be laid, it was premature and at best an expression of his opinion on the case as it then was.    If the district attorney or other person in whose possession the hatchet was had been subpoenaed to produce it, so that the question was

legally presented, a formal ruling might have been more nearly in accord with the law than the quoted statement seems to be.

The magistrate placed his actual ruling upon the ground that no foundation for the question had been laid and, in answer to relator's request for a general ruling upon the subject, again limited his ruling in the same manner, namely, that the evidence would be excluded *unless proper foundation was laid.* It is not claimed that the foundation was laid or attempted to be laid; probably the question as to whether the sheriff or district attorney had handed the witness a hatchet would be deemed preliminary and might well have been answered, but the first question asked concerning the witness' examination of the hatchet would have squarely presented the question and the ruling complained of would have followed. As the case stood the ruling would have been a correct one and I am not disposed to believe that under such circumstances justice requires a vacating of the commitment because of an error made in excluding a question of no importance.

The writ is dismissed and the defendant remanded to the custody of the sheriff.

Order may be entered accordingly.

Ordered accordingly.