THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT THOMPSON, Appellant.

(Argued May 29, 1929; decided July 11, 1929.)

*Sol H. Eisler* for appellant. The trial court had power to sentence defendant to a definite term, and having done so and accordingly entered a judgment of conviction on January 18, 1929, pursuant to which he was committed, the trial court was without power to subsequently, on January 21, 1929, resentence defendant for an indeterminate term. (*People ex rel. Pinchback* v. *Warden*, 184 App. Div. 777; *People ex rel. Kipnis* v. *McCann*, 199

App. Div. 30; *People* v. *Sullivan*, 54 Misc. Rep. 489; *People* v. *General Sessions*, 185 N. Y. 584.)

*Joab H. Banton, District Attorney (Robert C. Taylor* and *Felix C. Benvenga* of counsel), for respondent. The trial court had power to vacate its original definite sentence, and substitute a reformatory sentence, under the Parole Commission Law. (*People* v. *Gowasky*, 219 App. Div. 19; 244 N. Y. 451; *People ex rel. Kipnis* v. *McCann*, 199 App. Div. 30; 234 N. Y. 502; *People* v. *McGrath*, 202 N. Y. 445.)

LEHMAN, J. Upon sufficient evidence, the defendant was convicted in the Court of Special Sessions of the offense of illegally practising medicine, as defined by section 1250, subdivision 7, of the Education Law (Cons. Laws, ch. 16). That offense is punishable by imprisonment for a term of not more than one year. (Education Law, § 1263, subd. 3.) Accordingly, he was sentenced to imprisonment in the New York County Penitentiary for the term of one year. Thereafter, the court on its own motion, and over the protest of the defendant, reconsidered the sentence it had imposed and substituted a commitment to the penitentiary upon an indeterminate sentence, in accordance with the provisions of section 4, chapter 579 of the Laws of 1915 (the Parole Commission Law).

We are agreed that even though the Education Law fixes imprisonment for a term not exceeding one year as the penalty for the offense committed by the defendant, yet under the Parole Commission Law the court might have imposed an indeterminate sentence. (*People ex rel. Kipnis* v. *McCann*, 199 App. Div. 30; affd., 234 N. Y. 502.) Indeed, we are unanimous that the provisions of that law are mandatory in the cities in which the Parole Commission Law applies, whenever the defendant " is not insane or mentally or physically incapable of being substantially benefited by the correctional and reformatory

purposes " of the institution to which he is committed (§ 4). The Legislature has decreed that where there is possibility of substantial benefit from an indeterminate sentence to an institution maintained for correctional and reformatory purposes, such a sentence should be imposed upon an offender, but decision of whether the offender is mentally or physically incapable of being substantially benefited is left to the court. That question the court must decide before imposing sentence, but error in its decision would not render a sentence void for lack of jurisdiction. If the original sentence was within the jurisdiction of the court, then the court had no power thereafter to treat it as void and to impose a new sentence.

We are not called upon to indulge in any presumptions of whether ordinarily a criminal offender is sane and physically and mentally capable of substantial benefit from an indeterminate sentence. The trial court was required to determine that question before it could impose any sentence. It chose to impose a definite sentence, which it might not do, unless it decided that the offender was incapable of being substantially benefited. The question before us is whether, in the absence of an express affirmative finding that the offender was incapable of being substantially benefited, there is a conclusive presumption that the court has failed to perform its duty to pass upon the offender's capacity to benefit from an indeterminate sentence before it proceeded to impose a fixed sentence.

I have used the term "conclusive presumption" advisedly. The court had jurisdiction of the person of the offender and of the offense. Its original sentence did not exceed the penalty fixed by the statute. It seems to me obvious that under the circumstances, the validity or nullity of the sentence cannot be made dependent upon proof of the mental processes of the trial court or of the mental or physical capacity of the offender. Either the sentence for a fixed term must imply a finding that

the. offender was not capable of substantial benefit from an indeterminate sentence, or there must, in every case, be an express finding to that effect before the court has jurisdiction to impose a fixed sentence.

Choice between these alternatives seems to me clear. Imprisonment for a fixed term is ordinarily the penalty for criminal offenses. In cities of the first class, the Legislature has provided an alternative system of punishment based upon physical and mental capacity to benefit by an indeterminate sentence to an institution with correctional and reformatory purposes. The duty of the court to pass upon the capacity of a convicted offender, before it determines the system of punishment that should be applied, is clear. Courts may· err, and even at times ignore the duty that has been imposed upon them, but unless· we are willing to proceed upon a general assumption that courts are ignorant of their duty, then a sentence for a fixed term is necessarily based upon a previous determination that the offender lacks capacity to benefit substantially by correctional and reformatory treatment, just as a sentence under the Parole Law is necessarily based upon a previous determination that the offender is not incapable of such benefit. Decision as to the capacity of the offender is, therefore, necessarily implied in the sentence imposed. To require the court to state expressly that it has determined the question which must be the basis of sentence imposed, would, it seems to me, result in the creation of new technicalities in the administration of the criminal law.

The Parole Law, as I have pointed out, merely provides an alternative system of punishment in cities of the first class. Elsewhere the courts must impose the penalty fixed by law for the offense upon which there has been a conviction. Even in cities of the first class, the alternative system of punishment is applied only where capacity to benefit by the alternative system exists. Otherwise the courts must impose the same form of punishment

used throughout the State. A rule that in cities of the first class the courts may not impose the penalty provided by statute for a particular offense until they have expressly found that the alternative system of punishment may not be applied, seems to me anomalous. We are not advised that the courts have generally made such an express finding before sentence, or incorporated a statement to that effect in a commitment. If the original sentence and commitment in this case were a nullity, then it would seem that every sentence imposed for a fixed term, where sentence might have been imposed under the Parole Law, is equally void, unless it affirmatively appears that the court has previously passed upon the capacity of the offender.

For these reasons the judgment of the Appellate Division and that of the Court of Special Sessions should be reversed and the original sentence reinstated.

O'BRIEN, J. (dissenting). In respect to the term of imprisonment of those who are " not insane or mentally or physically incapable of being substantially benefited by the correctional and reformatory purposes " of institutions under the jurisdiction of the Department of Correction, the provision for a fixed term which might formerly be imposed under the Public Health Law, as re-enacted by section 1263 of the Education Law, is superseded by chapter 579 of the Laws of 1915. Unless the trial court deemed this defendant insane or incapable of reformation (*People ex rel. Kipnis* v. *McCann*, 199 App. Div. 30, 38; affd., 234 N. Y. 502),it was bound to apply the provisions relating to parole as embodied in the later statute. It had no discretion except to determine the prisoner's sanity or his capacity for reformation. If the first sentence had been imposed after a determination that reformation was impossible, the second sentence would have been void. If the first sentence, however, was a nullity and, in the absence of an express or implied

finding of incapacity for reformation, it was such, then it may be treated as never having been pronounced. The court made no express finding or determination. Surely an opinion or determination by the trial court that the prisoner was insane or that he was incapable of benefit cannot, in view of the reasons assigned for resentence, be inferred. Few human beings have sunk so low that no possibility of reclamation will be presumed. Statements by members of the trial court at the time of resentence demonstrate the fact that, after reflection, they were convinced of their total lack of jurisdiction in their application of the Education Law instead of the statute relating to parole. Never did one of them, never did counsel, reveal any indication of an indulgence in the impossible presumption that defendant was insane or was beyond the hope of correction. All took for granted that he was not abnormal and, upon that assumption, they directed their attention solely to a consideration of the statute applicable to his case. Their statements prove beyond doubt that the original sentence resulted from such a mistake in the application of the law as to deprive the court of jurisdiction. They rebut the presumption that ordinarily would arise concerning the due performance of the judicial function in passing upon questions relating to defendant's sanity and his capacity for benefit. Where a trial court does not, even by implication, make a finding respecting sanity or the capability of substantial benefit from the correctional and reformatory purposes of institutions under the jurisdiction of the Department of Correction, but does by its own statement necessarily imply that it made no such finding, an appellate court will presume that the prisoner is sane and, like the average human being, is not without a chance of substantial reformation. To presume the contrary would compel a rejection of all experience and common sense and would defeat the purpose of the Parole Law. It was the first sentence, therefore, rather than the second which

transcended the court's jurisdiction. Not only was it erroneous, it was void.

The judgment of the Appellate Division and that of the Court of Special Sessions should be affirmed.

CARDOZO, Ch. J., KELLOGG and HUBBS, JJ., concur with LEHMAN, J.; O'BRIEN J., dissents in opinion in which POUND and CRANE, JJ., concur.

Judgments reversed, etc.