THE PEOPLE OF THE STATE OF NEW YORK ex rel. NICHOLAS MONTANA, Relator, *v.* THE WARDEN OF THE NEW YORK CITY PENITENTIARY, Defendant.

Supreme Court, Special Term, Bronx County, May 31, 1939.

*Joseph A. Butler*, for the relator.

*Samuel J. Foley, District Attorney*, for the defendant.

McGeehan, J. The relator pleaded guilty to a misdemeanor in the city of New York and was accordingly sentenced to the New York County Penitentiary, there to be dealt with according to law. Such a commitment is under the Parole Commission Law (Laws of 1915, chap. 579, as amd.) unless the sentencing court found a defendant incapable of being substantially benefited by the correctional and reformatory purposes of the penitentiary, in which case he must be sentenced under the Penal Law, which provides for a maximum term of one year. A commitment under the Parole Commission Law could incarcerate a defendant for a term of three years. In other words, if two men jointly commit a misdemeanor in New York city and one is so bad that the court finds he is incapable of substantial benefit from the correctional purposes provided for in the Parole Commission Law, the maximum of his term of incarceration is one year, whereas his codefendant, because the court finds he is not incapable of substantial benefit as provided for in the Parole Commission Law, may be incarcerated for a period of three years. Where it appears to the sentencing court that a defendant is beyond the hope of substantial benefit he should not be sentenced under the Parole Commission Law. In the matter before this court it does not appear whether the sentencing court found the relator capable or incapable of substantial benefit from correctional treatment in the New York County Penitentiary. The court's recommendation that incarceration be for three years would be illegal and improper if there was a finding on the part of the court that the relator was incapable of substantial benefit from his commitment and that the same was pronounced for punitive purposes rather than for correctional or reformatory purposes. However, the ruling of the Court of Appeals in the case of *People* v. *Thompson* (251 N. Y. 428) makes it unnecessary for the sentencing court to incorporate into the record its findings of the facts upon which it predicates its sentence. Hence this court must assume that the sentencing court in spite of the relator's prior criminal record found the relator capable of substantial benefit by the correctional and reformatory purposes of the penitentiary.

The fact that the prisoner finds himself being incarcerated for a period of five and one-half years for a crime that is subject to a maximum term of imprisonment of one year for punitive purposes and that certain claimed deductions from the term of imprisonment have not been made for his benefit do not warrant the relief sought by this writ of habeas corpus.

The writ is, therefore, dismissed and the relator is remanded.