THE PEOPLE OF THE STATE OF NEW YORK ex rel. GILBERT GORDON, Respondent, *v.* HARRY T. ASHWORTH, Acting Warden of The Penitentiary of the City of New York, Rikers Island, New York.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

First Department, May 22, 1942.

*Stanley H. Fuld, Assistant District Attorney*, of counsel [*Francis C. Leffler, Deputy Assistant District Attorney*, with him on the brief; *Frank S. Hogan, District Attorney*], for the appellant.

*Selig Lenefsky*, for the respondent.

GLENNON, J. The following facts are not in dispute. The relator, on May 23, 1939, pleaded guilty in the Court of Special Sessions, New York County, to two informations, in one of which he was charged with the unlawful possession of a firearm, and in the other of the crime of unlawfully possessing a habit forming drug. He was sentenced upon each to the New York City Penitentiary " there to be dealt with according to law." In imposing sentence, the court directed that the two terms were to " run consecutively."

Thereafter, the Parole Commission, apparently mindful of the confinement of the prisoner in the county jail while awaiting trial, allotted his marks which on the first sentence would have resulted in his confinement for a period of thirty-four months. Because of good behavior during his term of reform, the relator was, in theory, released from the penitentiary on October 21, 1941, after serving twenty-eight months upon the first conviction.

Upon the completion of the first term, the relator was held under the second judgment of conviction. Marks again were allotted to him by the Parole Commission, as a result of which he was to be confined for an additional period of thirty-six months. During the month of February, 1942, the relator sued out a writ of habeas corpus which resulted in an order sustaining the writ.

There can be no doubt of the power of the Court of Special Sessions to impose two determinate sentences to run consecutively. (*People* v. *Ingber*, 248 N. Y. 302.) We do not believe, however, that it was the intention of the Legislature, in enacting the Parole Commission Act,█ to have two sentences to the reformatory run consecutively.

In the main, we agree with the reasoning employed by the court at Special Term. Still, under the circumstances of this case, the proper procedure to have followed would have been to sustain the writ only to the extent of remanding the prisoner to the Court of Special Sessions for a proper resentence upon the second judgment of conviction. In that court it could be determined readily what benefits, if any, had come to the relator by virtue of his confinement. If in fact he had reformed, the court might well suspend sentence upon the second information, or, if necessary, provide for a term of imprisonment under which, in all fairness, he should

be credited with the additional time he had already served in prison on the second commitment.

The order entered on the writ of habeas corpus should be modified accordingly by remanding the relator to the Court of Special Sessions, New York County, for resentence.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Order unanimously modified in accordance with opinion. Settle order on notice.