THE PEOPLE OF THE STATE OF NEW YORK ex rel. DOMENICK DIVICO, Respondent, *v.* WILLIAM ADAMS, Warden of Tombs Prison. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

First Department, June 5, 1942.

*Stanley H. Fuld* of counsel [*Eugene A. Leiman* with him on the brief; *Frank S. Hogan, District Attorney*], for the appellant.

*Salvatore J. Iannucci,* for the respondent.

COHN, J. Before a city magistrate, sitting as a Court of Special Sessions, Domenick Divico, the relator, pleaded guilty to the misdemeanor of operating a motor vehicle after his license had been revoked. For that offense, the statute (Vehicle and Tr. Law, § 70, subd. 10) provides that the court may impose a sentence of imprisonment not to exceed thirty days or a fine of $100, or both. However, the court, acting under the provisions of section 126 of the New York City Criminal Courts Act, sentenced the relator to an inde-

terminate term in the New York City Reformatory where he might be detained for a term not to exceed three years.

After incarceration in the reformatory for eight days relator obtained a writ of habeas corpus in the Supreme Court, claiming that the sentence imposed upon him was illegal. Upon the hearing, he urged that the punishment for his offense as prescribed by section 70 of the Vehicle and Traffic Law was exclusively controlling and that the court was without power to impose an indeterminate sentence of imprisonment in the reformatory.

The Special Term sustained the writ and remanded relator for resentence pursuant to subdivision 10 of section 70 of the Vehicle and Traffic Law. The court expressed the view that the provisions of that statute which specify a determinate sentence of imprisonment of not more than thirty days for the offense in question " take precedence over the Section 126 of the Inferior Criminal Courts Act " which provides that a misdemeanant may be given an indeterminate sentence to the reformatory.

The statute (Vehicle and Tr. Law, § 70, subd. 6) makes it a misdemeanor for a person to operate " a motor vehicle * * * upon a public highway while his license is * * * revoked." Section 70 [opening paragraph] prescribes the punishment for the offense of which this defendant was convicted as follows: " Except as otherwise expressly provided in this chapter [Vehicle and Tr. Law, Laws of 1929, chap. 54], the provisions of this section shall be *exclusively controlling* on the punishment for violations of the provisions of this chapter." (Emphasis ours.)

Subdivision 10 of that section reads: " Any person violating any of the provisions of any section of this chapter, which violation is stated separately to be a misdemeanor, except where other punishment is specially prescribed therein, is punishable by a fine not exceeding one hundred dollars or by imprisonment for not exceeding thirty days or by both such fine and imprisonment for conviction of a first offense * * *."

The New York City Criminal Courts Act (§ 126), under which the court purported to act, provides that " * * * any male person between the ages of sixteen and thirty, who after conviction by any magistrate or any court * * * in the city of New York of any charge, offense, misdemeanor or crime, other than a felony, as a first offense, shall in the discretion of such * * * court be a proper subject for reformatory treatment, may be committed to The New York City reformatory for misdemeanants, and in order that such person may have the full benefit of the reformatory and educative influences of said institution, the * * * court imposing sentence shall not fix or limit the

duration thereof * * *. * * * The term of such imprison-
ment of any person so convicted and sentenced shall be terminated
by the board of parole of said reformatory as authorized by this
act; but such imprisonment shall not exceed the term of three
years. * * * " This was formerly section 93 of the Inferior
Criminal Courts Act, enacted in 1910 (Laws of 1910, chap. 659,
§ 93). That statute was derived from section 698 of the Greater
New York Charter (Laws of 1901, chap. 466, as amd. by Laws
of 1904, chap. 627, and Laws of 1905, chap. 305).

The question presented on this appeal is one of law, namely,
whether the court has the power to impose an indeterminate sentence
under section 126 of the New York City Criminal Courts Act
for a misdemeanor violation of the Vehicle and Traffic Law (§ 70).

The legislative mandate contained in the statute, under which
the relator stands convicted, is that the punishment therein speci-
fied, namely, a fine not to exceed $100 or imprisonment not exceed-
ing thirty days or both, " shall be exclusively controlling." The
language is free from ambiguity and the meaning cannot be dis-
regarded. The term " exclusive " is commonly defined as " solely,"
" wholly," " only," " apart from all others." (15 Words & Phrases
[Permanent ed.], pp. 516–518; Lee v. Gulf Oil Corp., — Fla. —;
4 So. [2d] 868, 870.) When the words " exclusively controlling "
were first adopted by our legislators (Highway Law, § 280, as
added by Laws of 1910, chap. 374; Vehicle and Tr. Law, Laws of
1929, chap. 54) it is of some significance that the New York City
Criminal Courts Act providing for indeterminate sentences for
misdemeanants had already been on the statute books for a num-
ber of years (Laws of 1904, chap. 627). When this new language
was first employed it must be assumed to have been used for a
definite purpose. Undoubtedly, the penalty for misdemeanor
violations of the Vehicle and Traffic Law was thus circumscribed
as the acts were mala prohibita, involved no moral turpitude and
were not sufficiently grievous in character to warrant a commit-
ment of the offender to a reformatory or a penitentiary where he
might be detained for a period of years.

The People urge that the purpose of the New York City Criminal
Courts Act is reformatory and correctional and not punitive; that,
in the court's discretion, the youthful misdemeanant may be
punished in either of two ways: (1) by receiving the determinate
sentence as provided in the Vehicle and Traffic Law, or (2) by
commitment to the reformatory under an indeterminate sentence
where reformation of the guilty party is desired. However, either
course adopted is a method of punishment. (People ex rel. Cerzosie
v. Warden, etc., 223 N. Y. 307, 312; United States v. Commissioner

*of Immigration*, 43 F. [2d] 821, 823.) No doubt it is within the province of the Legislature to permit alternative sentences for the same offense, the one punitive in character and the other correctional. Indeed, in interpreting a somewhat similar statute, the Parole Commission Law (now Correction Law, art. 7-A), which applies only to cities of the first class, the courts have so held. (*People* v. *Thompson*, 251 N. Y. 428; *People ex rel. Cerzosie* v. *Warden, etc., supra*, at p. 309; *People ex rel. Kipnis* v. *McCann*, 199 App. Div. 30; affd., 234 N. Y. 502; *People ex rel. Kohlepp* v. *McGee*, 256 App. Div. 792, 796; appeal dismissed, 282 N. Y. 677.) While the law is settled that an indeterminate sentence meted out pursuant to a statute aimed at correctional and reformative treatment is valid even though the statute creating the offense under which the defendant is convicted actually fixes a sentence which is lighter than the indeterminate sentence imposed (*People* v. *Thompson, supra; People ex rel. Brewer* v. *Levy*, 267 N. Y. 596; *People ex rel. Sheldon* v. *Curtin*, 152 App. Div. 364, 366, 367), where, as here, the clear intent of the Legislature is to make the punishment specifically prescribed in the statute exclusively controlling, such intent must be carried out.

For the foregoing reasons, we think that the Special Term correctly decided that the court was not authorized to commit the relator to the reformatory and that he should be resentenced pursuant to the provisions of the Vehicle and Traffic Law. The order should accordingly be affirmed.

MARTIN, P. J., TOWNLEY, GLENNON and CALLAHAN, JJ., concur.

Order unanimously affirmed.