THE PEOPLE OF THE STATE OF NEW YORK ex rel. COSME MEDINA, Relator, *v.* EUGENE SLATTERY, Acting Warden of the Penitentiary of the City of New York, Rikers Island, New York, Respondent.

Supreme Court, Special Term, Bronx County, July 8, 1942.

*Moses Smith*, for the relator.

*Samuel J. Foley, District Attorney [John B. Lee, Assistant District Attorney*, of counsel], and *William C. Chanler, Corporation Counsel [Martin Callagy, Assistant Corporation Counsel*, of counsel], for the respondent.

EDER, J. Habeas corpus proceeding. On September 28, 1939, the relator pleaded guilty before the County Court of Kings County to a charge of conspiring to commit the crime of receiving stolen property, and on November 3, 1939, he was sentenced to an indeterminate term in the reformatory known as the New York City Penitentiary, Rikers Island, New York.

Immediately after his said plea he appeared before the Court of Special Sessions, Kings County, and after trial was convicted of impairing the morals of a minor. No sentence was imposed at the time, but on November 8, 1939, five days after the imposition of sentence by the County Court, the Court of Special Sessions caused a warrant to be lodged with the warden against the relator. This status continued until March 13, 1941, when the relator was paroled by the parole commission of the city of New York. On the same day he was brought before the Court of Special Sessions pursuant to the aforementioned warrant. On March 31, 1941, the Court of Special Sessions sentenced the relator to an indeterminate term in the said penitentiary where he is now imprisoned. Upon this second conviction the parole commission set a period of thirty months as the time of sentence to be served by the relator. In imposing upon the relator an indeterminate sentence the court acted pursuant to section 203 of article 7-A of the Correction Law. Subdivision (b) thereof provides: " The court in imposing sentence shall not fix or limit the term of imprisonment of any person sentenced to any such penitentiary. The term of such imprisonment shall be terminated in the manner prescribed in section two hundred four of this article and not otherwise, and shall not exceed three years."

Section 204 empowers the parole commission to parole, conditionally release, discharge, retake or reimprison any inmate of any workhouse or reformatory under the jurisdiction of the department of correction of a city of the first class, committed thereto under an indeterminate sentence.

The relator, it is to be observed, was released by the Parole Commission after he had served sixteen months under the sentence imposed by the County Court.

It is provided by section 1937 of the Penal Law that "A person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially prescribed by this chapter, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine not more than five hundred dollars, or by both."

It is the contention of the relator that the Court of Special Sessions was without power to impose an indeterminate sentence upon him and that section 1937 (supra) was the only provision of law which was applicable and that his confinement and detention under the indeterminate sentence are illegal.

It has been said that " The apparent purpose of the statutes regulating confinement in the reformatory institutions of the state is to impose punishment for crime and at the same time to effect

reformation of their inmates and to equip them for lives of usefulness and to become law-abiding citizens." (*People ex rel. Haupt* v. *Lasch,* 122 Misc. 223.) In *Henderson* v. *People* (165 Ill. 607; 46 N. E. 711) the court said: "The main object and purpose of the reformatory, although confinement there is a punishment for crime, are the reformation of those who  *  *  *  are presumably proper objects of efforts at reformation."

It has been said that by reformatories are meant those institutions " which come in half-way between the state prison or penitentiaries and institutions for juveniles. They are designed for the care of the younger and less hardened offenders  *  *  *." (Dow, " Crime and Its Prevention " [1927] p. 171.) This is a constricted view: it is now fully recognized that the system of reformation is as well applicable to adult prisoners who are supposed to have been selected because of their fitness for reformation. " The idea back of the reformatory theory is to send the offender back to society a better man than when he was received by the reformatory so that he will be better able to function as a citizen than before he was convicted." (Dow, *supra,* p. 173.) " Unfortunately the actual practice has fallen far short of what was intended." (Dow, *supra,* p. 175.)

Relator's premise is that when a sentence is imposed which commits the offender to a reformatory institution it is so imposed because the court is of the opinion that the offender is capable of being reformed and that when a misdemeanant has been so sentenced and is later released, it follows that the Parole Commission has granted him his liberty because it is satisfied he has reformed and that thereafter if he offends again and is to be sentenced he must be sentenced to an institution other than a reformatory, since by his deviation from the path of rectitude he has demonstrated he is beyond or incapable of reformation. Hence, in the case at bar, it is claimed he should have been given a determinate sentence of one year as fixed by section 1937 of the Penal Law. The net effect and result of such a sentence would, obviously, lessen his term of imprisonment by two years; and in that event he would be entitled to discharge since on the second sentence imposed by the Court of Special Sessions relator has already served fifteen months.

It is further claimed by the relator that the Court of Special Sessions erred in sentencing him to an indeterminate term in the reformatory contending that commitment for consecutive terms in the reformatory offends the spirit of the statute and that such commitment inflicts cruel and excessive punishment not contemplated by the Legislature, asserting: " Obviously the court has

no power to render consecutive terms under the Parole Commission Act, for by so doing, it would defeat the very purpose and theory of the Act."

I am not in accord with this contention. Section 203 of the Correction Law places no limitation whatever on the sentencing court in respect to committing an inmate or former inmate of a reformatory for another indeterminate term in such institution. It may very well be that the sentencing court may feel that in spite of the failure of the offender to reform under a previous commitment that there is still hope he may be benefited by a further commitment under section 203 of the Correction Law rather than by a determinate sentence under section 1937 of the Penal Law, and when he is thus sentenced there follows therefrom the necessary implication that the sentencing court or judge has duly considered that element and has arrived at the conclusion and judgment that correctional treatment will prove of benefit to the offender with ultimate reformation. (*People* v. *Thompson*, 251 N. Y. 428.)

Relator in his brief states: " There is no dispute that the trial court has the power to impose upon a misdemeanant consecutive terms, but only where such imposition is under the Penal Law, to be inflicted as punishment rather than for reformatory purposes."

There is nothing in the Correction Law or in the Penal Law, so far as I am able to discover, which makes it mandatory upon the sentencing court, where the sentence is to be imposed upon a defendant who has previously been an inmate of a reformatory institution to impose a determinate sentence, and no case has been called to my attention which holds that an indeterminate sentence cannot be imposed. While there are expressions which carry intimations that consecutive sentences to a reformatory are looked upon as harsh, it does not follow and there is no definite controlling declaration that they may not be validly imposed.

In the absence of a decisive ruling to the contrary by a court of controlling authority I am disposed to hold that the Court of Special Sessions had jurisdiction to impose upon the relator an indeterminate sentence to a reformatory institution even though he had been previously sentenced to such institution for another offense and by another court, and had served such sentence.

If there is any harshness that results the remedy lies with the Legislature and not with the courts. Where the language of the statute is clear and free of ambiguity the duty of the court is to construe and interpret the law as enacted.

This is a habeas corpus proceeding and as such is governed by certain rules to which the court must adhere. The question of basic concern is that of jurisdiction of the sentencing tribunal; if

it had jurisdiction of the person of the relator, of the offense, and the power to impose the sentence, it is sufficient to defeat the writ, for errors of other nature like abuse of discretion, infliction of severe punishment, errors and irregularities of procedure and the like, cannot be inquired into by means of a habeas corpus proceeding; the writ cannot be utilized as an appeal. As said in *People ex rel. Hubert* v. *Kaiser*, 206 N. Y. 46, 52: " The summary remedy of a writ of habeas corpus, which is open to every person detained in custody, that the legality of his detention may be inquired into, cannot perform the functions of an appeal from the judgment of conviction. The court, before which a prisoner is brought under the writ, will inquire into the question of jurisdiction and if it appears that the power existed to pronounce the judgment, the writ must be dismissed."

In *People ex rel. Tweed* v. *Liscomb* (60 N. Y. 559, 574) a habeas corpus proceeding, the court said: " In other words, the court had jurisdiction to make wrong, as well as right, decisions, in all stages of the prosecution, and whether those made were right or wrong cannot be raised on *habeas corpus.*" (See, also, *People ex rel. Weiner* v. *Sheriff of Kings County*, 246 App. Div. 557.)

If a court has jurisdiction to impose a sentence, and it is claimed that, in the circumstances, it should not have been imposed, the remedy to review an erroneous or improvident exercise of that power is not by habeas corpus. (*People ex rel. St. Clair* v. *Davis*, 143 App. Div. 579. See, also, *People ex rel. Taylor* v. *Smalley*, 121 Misc. 331.)

The remedy, where harsh or unduly severe sentence has been imposed, is by a consideration thereof by the proper officials or agency; here, by the parole commission of the city of New York, which has the power to discharge the relator at any time it sees fit, if it deems the second sentence too severe. But it is no ground upon which to predicate a habeas corpus proceeding. That question arose and was considered in *Ex Parte Azevedo* (42 Cal. App. 662; 183 P. 952). There the complaint of the convicted defendant was that his punishment was more severe than it should have been and it was held that it was a matter which could be considered only by the appropriate authorities in case of commutation, pardon or parole, but not on habeas corpus to secure his release on that ground. The court, per WASTE, P. J., said: " The defendant's complaint amounts only to a counter-plea that his punishment is more severe than it ought to have been. That is a matter which can only be considered by the proper authorities in the case of an application for commutation of sentence, parole, or pardon. (*People* v. *Huff*, 72 Cal. 117–119 [13 Pac. 168].) The application for the writ is denied."

In 29 Corpus Juris, page 60, the rule is set forth as follows: "An oppressive or unduly severe sentence, in view of the circumstances of the particular case, but nevertheless within the legal statutory limits, cannot be relieved against on habeas corpus."

To the above general rule there is the single statutory exception in this State, namely, section 898-a of the Code of Criminal Procedure, dealing with summary punishment of professional criminals as disorderly persons, limited in its scope to defendants brought before a police magistrate or justice of the peace, and it is therein provided that any person who may or shall feel aggrieved by the determination of such officials may seek a review of their determination by writ of habeas corpus, and the justice issuing the writ may thereupon rehear the evidence and discharge, modify or confirm such commitment. This statutory exception to the general rule to the contrary is not applicable here.

It is apropos to remark in conclusion, that even if habeas corpus were available in such an instance as here claimed, that discharge may not be granted but that at most the prisoner will be remanded for proper sentence. (*People ex rel. Gordon* v. *Ashworth*, 264 App. Div. 201.)

There is no basis for this proceeding, and the writ is dismissed and relator is remanded.