THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH TRAVA-
TELLO, Relator, against HARRY T. ASHWORTH, as Warden of
the Penitentiary of the City of New York, Respondent.

Supreme Court, Special Term, Bronx County, July 15, 1943.

*Joseph Travatello,* relator in person.

*Frank S. Hogan, District Attorney of New York County,* and
*Samuel J. Foley, District Attorney of Bronx County (John B.
Lee* of counsel), for respondent.

EDER, J. Habeas corpus proceedings. The relator appears
in person; the respondent is represented by the District Attor-
neys of New York and Bronx Counties, by Assistant District
Attorney John B. Lee of counsel. The sole ground of opposi-
tion offered is that the sentencing court had jurisdiction to
commit the relator to the penitentiary by virtue of article 7-A
of the Correction Law.

The relator is an inmate of the Penitentiary of the City of
New York, at Riker's Island; he is there imprisoned and
detained under a sentence imposed by the Court of General
Sessions of the County of New York, on conviction of the crime
of petit larceny; he was sentenced to said penitentiary under
said article 7-A. Subdivision (a) of section 203 thereof pro-
vides that any person convicted of any crime or offense " pun-
ishable by imprisonment in a penitentiary  *  *  *  or other
institution " under the jurisdiction of the Department of Cor-
rection of the City, if sentenced to any institution under the
jurisdiction of such department " shall be sentenced and com-
mitted to a penitentiary or a workhouse or a reformatory "
under the jurisdiction of such department.

Subdivision (e) thereof provides that " This article shall
not apply to any person who is:  *  *  *  3. Insane, or men-
tally or physically incapable of being substantially benefited by
being committed to a correctional and reformatory institution."

The purpose of this enactment is to authorize the court to
send the offender to an institution maintained for correctional
and reformatory purposes, and such should be the sentence
imposed where there is a possibility of substantial benefit from
sentence to such an institution (*People* v. *Thompson,* 251 N. Y.
428, 431). The decision as to whether the offender is capable of
being substantially benefited is a matter for the sentencing
court (*People* v. *Thompson, supra*). It is held that the
ruling in the *Thompson* case makes it unnecessary for the sen-
tencing court to incorporate into the record its findings of the
facts upon which it predicates its sentence; it is presumed in
such a case from the imposition of such a sentence that the
court was of the belief that the offender was capable of being
substantially benefited by sentence to a correctional and
reformatory institution. (*People ex rel. Montana* v. *Warden*

*of N. Y. C. Penitentiary,* 171 Misc. 533; *People ex rel. Medina* v. *Slattery,* 178 Misc. 741.)

When, however, it does appear from the record that the court concluded that the offender was not capable of benefiting from an indeterminate sentence under subdivision (b) of section 203 of the Correction Law, the court must impose a fixed and determinate sentence. Such is the contention of the relator, who asserts that the record discloses that the court had reached the conclusion the relator was incapable of reformation and therefore should have imposed upon him a fixed and definite sentence as prescribed by the Penal Law.

In the case at bar, when the relator was arraigned for sentence, the court stated to the relator: " You are practically beyond redemption. You don't mind committing crime, and you don't mind going to jail, so you must love it." The court then referred to the relator's criminal record in 1927, 1928, 1929, 1931, 1932, 1935, 1940 and 1941, and thereupon imposed the penitentiary sentence under the Correction Law.

The District Attorney argues that in order for the court to set a fixed and determinate sentence there must be " an express finding " to the effect that the offender was incapable of benefiting from an indeterminate term, and adds: " No such determination was made in the instant case." I think it was.

It is true that the court said to the relator: " You are practically beyond redemption." The argument is made from this that these words of the court left the door open for reformation; that the court by this language indicated that there was a possibility of rehabilitation and, hence, the sentence as imposed was proper.

Ordinarily, I should agree with this contention, but what followed, as quoted above, indicates clearly, to my mind, that the court was of the ultimate belief and decision that the relator was beyond reformation and rehabilitation — " you don't mind going to jail, so you must love it."

Such expression is, in my opinion, tantamount to or the equivalent of an express finding that the offender was " incapable of being substantially benefited by being committed to a correctional and reformatory institution ", and in that situation the sentence imposed should have been for a fixed and definite term as prescribed by the Penal Law; and the judgment committing defendant to the penitentiary is invalid and void.

" This is a habeas corpus proceeding and as such is governed by certain rules to which the court must adhere. The question of basic concern is that of jurisdiction of the sentencing tri-

bunal; if it had jurisdiction of the person of the relator, of the offense, and the power to impose the sentence, it is sufficient to defeat the writ, for errors of other nature like abuse of discretion, infliction of severe punishment, errors and irregularities of procedure and the like, cannot be inquired into by means of a habeas corpus proceeding; the writ cannot be utilized as an appeal. * * *

" If a court has jurisdiction to impose a sentence, and it is claimed that, in the circumstances, it should not have been imposed, the remedy to review an erroneous or improvident exercise of that power is not by habeas corpus." (*People ex rel. Medina* v. *Slattery,* 178 Misc. 741, 744, 745, *supra.*)

In the one case there is the jurisdiction to impose a sentence; in the other there is none. It is when there is a total want of jurisdiction to impose sentence that habeas corpus will lie to release one confined under such a sentence.

Where the clear intent of the Legislature is to make the punishment specifically prescribed in a statute exclusively controlling, such intent must be carried out (*People ex rel. Divico* v. *Adams,* 264 App. Div. 315). By parity of reasoning and upon like principle, where the clear intent of the Legislature is to make the punishment specifically prescribed in a statute and its provisions wholly inapplicable and to exclude their invocation by the court under certain designated conditions, such intent must be similarly carried out.

Article 7-A of the Correction Law [§ 203, subd. (e), par. 3] expressly and specifically declares that *said article shall not apply* to any person who is insane, or mentally or physically incapable of being substantially benefited by being committed to a correctional and reformatory institution. Thus in clear, plain and express terms the Legislature has *denied* jurisdiction and power, in such a case, to the sentencing court to invoke any of the provisions of said statute; it is the same as if said statute had never existed. The provisions of that law are exclusively controlling in the cases which come within the ambit of its provisions and they cannot be enlarged and extended by judicial fiat to any other case. As said by Cohn, J., in the *Divico* case (*supra,* p. 317): " The language is free from ambiguity and the meaning cannot be disregarded."

When the sentencing court made the declaration and finding quoted above, to the effect that the relator was incapable of reformation, *eo instante,* article 7-A of the Correction Law became inapplicable and inoperative and from that moment on the sentencing court was divested of all power and authority

to subject the relator to any of its provisions. When it did so it was not a case of the imposition of an erroneous sentence, it was one which the court had no jurisdiction or power to impose at all; it was null and void *ab initio,* and the imprisonment under the sentence imposed by virtue of that statute was illegal and habeas corpus is the proper remedy to invoke to obtain release and freedom from unlawful restraint.

In the circumstances disclosed, it is my opinion that the sentence thus imposed is illegal and void, and it is so adjudged.

In closing, it is deemed appropriate to call attention to the influx of habeas corpus proceedings brought by or on behalf of inmates of the penitentiary because of the omission of the sentencing judge to make a clear, express and definite finding to the effect that it is believed by him that the defendant is capable of being substantially benefited by an indeterminate sentence to a penitentiary and is therefore being sentenced accordingly, and because of the omission to do so, and the previous bad record of the offender, the contention is constantly advanced by such inmates that the sentence to a penitentiary is invalid. Though there be no legal stability to such a claim, this ground of contention can be eliminated and the influx of such proceedings made to cease if the inmates are deprived of any basis for such a contention by the simple expedient of an express declaration or finding, as mentioned. There would thus be a saving of the time of the court, and of the time of the officials in bringing the inmates to court, and the attendant expense which such proceedings necessarily occasion. Suggestion is offered that legislation should be enacted making such a declaration by the sentencing court mandatory.

The writ is sustained and the relator ordered forthwith brought before the sentencing court for resentence, as indicated, as of the original date of sentence.