The People of the State of New York, Respondent, v. Joseph Regina, Appellant.—

In my opinion, under the circumstances here, such alternative was improperly invoked. Defendant was indicted for the crime of grand larceny in the first degree. In his presence and in open court, his counsel sought to withdraw the plea of not guilty to the crime stated and to enter a plea of guilty to petit larceny in satisfaction of the indictment. Defendant was then serving a term in Sing Sing Prison. The Trial Judge stated that if the defendant believed he was "reformable" despite his record, the plea would be accepted; otherwise it would be refused. Defendant did not answer immediately the court's inquiry as to whether he was reformable; instead, an extended colloquy ensued. The Judge made it clear that he would not accept the lesser plea unless the defendant stated he was reformable, because the Judge insisted the sentence must be for more than one year. Punishment was in fact the dominant theme and purpose of the Judge, not rehabilitation or reformability. The following excerpt from the minutes of plea and sentence shows the bargaining process between the Judge and the defendant — the Judge having the power to accept the plea upon certain imposed conditions and the defendant deciding whether to say he was reformable so that the Judge's condition could be met: "The Court: He [defendant] takes his chances on a conviction if he is not reformable, because I am not going to give him a year. That's up to him. It's just as simple as that. Do you want it or don't you? (Mr. Marano [defendant's lawyer] conferred with the defendant.) Mr. Marano: Your Honor puts me in a certain situation —— The Court: I don't put you in any situation. I am telling you what the terms of the plea are, and you either take it or you don't. Mr. Marano (to the defendant): Do you want to take it? The Defendant: You're my lawyer. Did Fusco [defendant's former lawyer] send you down here to send me to —— Mr. Marano: If your Honor please, under the —— The Court: Case is ready. Case is ready for trial. Clerk of the Court: Remanded. Mr. Marano: He wants to take it, Judge. The Court: Let him say then he is reformable, on

the record. The Defendant: You say, 'Take it' —— The Court: Are you reformable? That is the only question I have asked you. The Defendant: Your Honor, I don't know what it means. The Court: I will tell you. It means I am going to sentence you indefinitely to the penitentiary. The Defendant: Suppose I say I am not reformed. The Court: Then I won't take the plea because I won't take a plea that is only going to give you a year on this case. It's as simple as that. I don't know what the New York City Parole —— Mr. Marano: In other words, then, if your Honor pleases, you are going to predicate, your Honor, the imposition of sentence upon what this defendant says as to whether or not he is reformable? The Court: That's right. Mr. Marano: And whether or not he is of the reformable type? The Court: That's right. Mr. Marano: In order to predicate sentence under section 7-A of the Correction Law? The Court: That's right. Mr. Marano: I see, Judge." The plea was taken, the defendant waived the two days' notice before sentence, and the Judge then and there, without a probation report and without giving an expression of his own that defendant could be benefited by commitment, accepted the statement of this 45-year-old inmate of Sing Sing Prison that he was reformable and sentenced him to an indeterminate term not to exceed three years. The record does not show when the defendant would be released from Sing Sing. Nor does it show how much of the three-year indeterminate term he can be expected to serve in the City Penitentiary. I am aware that in the ordinary case no specific finding is required to predicate the indeterminate sentence (*People* v. *Thompson*, 251 N. Y. 428). Upon the record in this case, it is clear that no attempt was made to determine truly whether the defendant could be benefited. In view of the failure to have a probation report, the pressure under which the defendant made his statement that he was not beyond redemption, and especially in view of the Judge's failure to express or to indicate his belief that the defendant could be benefited, I am convinced that the purpose of the statute was aborted and perverted. As stated in *People ex rel. Kern* v. *Silberglitt* (4 N Y 2d 59, 62, *supra*) " we cannot close our eyes to these irregularities or fail to realize that this kind of sentence, authorized by the Legislature for one purpose, is being used for quite a different one." It was the Judge's duty to determine first whether the defendant could be benefited and thereafter to fix the sentence. Here the Judge first determined the sentence and so stated; then, by the pressure of refusing the lesser plea, he in effect compelled the defendant to make a statement which, at least superficially, tended to support the Judge's predetermined sentence of a term not exceeding three years. The record shows that the Judge himself placed little or no credence in the defendant's statement. I recognize that the reduction of court calendar congestion is the root from which such procedure grows. However, since the procedure is basically wrong, we should neither condone it nor hesitate to disapprove it.