David L. Malbin, J.
This is a motion for a writ of error coram nobis to vacate a judgment rendered October 14, 1965. Upon the defendant-petitioner’s plea of guilty to the crime of unlawful entry he was thereupon sentenced to the New York City Penitentiary to be dealt Avith there according to lav?. It is contended by the defendant-petitioner as indicated in his pro se application: (1) that he should have been sentenced to a definite term and not to an indefinite term; (2) that the defendant has an impressive criminal record; (3) that he is a multiple criminal offender under the hnv; (4) that the court has no right or power to impose an indefinite sentence because of the defendant’s prior conviction; (5) that the defendant was deprived of his rights under the Fourteenth and Eighth Amendments in that the sentence is cruel inasmuch as it is excessive. Briefly, the motion is based upon a claim that because of the defendant’s prior criminal record he is so obviously incorrigible that under the provisions of the Correction Law he should not have received a “ reformative ” sentence but should have been sentenced to a determinate sentence of one year as provided for in section 1937 of the Penal Law. The defendant Avas represented at all stages of the proceeding by his counsel, at the time that the defendant pleaded guilty and was thereafter sentenced by the court. The defendant had heretofore been jointly indicted Avith his codefendant on March 22, 1965, charged with the crime of burglary in the third degree and grand larceny in the first degree.
It appears that at about one hour past midnight on the 24th of January, 1965, the defendant and his confederate (who also pleaded guilty to the crime of unlawful entry) were observed by the police walking along a public street with the possession of a typevmter and an adding machine, said articles being the fruits of a crime; which property was obtained from a factory *642 that had been burglarized. The defendant interposed, a plea of not guilty and was permitted to change his plea from not guilty to.guilty of the crime of unlawful entry. His admission of guilt was clear and unequivocal and was made in open court in the presence of his counsel. There is no dispute that the plea was proper. The probation report was submitted to the court before sentence and the recommendation contained therein was that he be sent to the New York'City reformatory.
It is the contention of the defendant-petitioner that he should have been sentenced pursuant to section 1937 which is defined as follows: “A person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially prescribed by this chapter, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary, or county jail, for no more than one year, or by a fine of not more than five hundred-dollars, or by both.”
The defendant-petitioner, upon his plea of. guilty of a misdemeanor was sentenced under the provisions of subdivision (b) of section 203 of the Correction Law which follows: “The court in imposing sentence shall not fix or limit the time of imprisonment of any person sentenced to any such penitentiary. The term of such imprisonment shall be terminated in the manner prescribed in section two hundred four of this article and not otherwise, and shall not exceed three years.” Subdivision (e) is defined as follows: “ This article shall not apply to any person who is: * * * 3. Insane, or mentally or physically incapable of being substantially benefited by being committed to a correctional and reformatory institution.”
In the recent case of People v. Wilson (17 N Y 2d 40), the Court of Appeals decided upon similar issues the precise questions raised upon this application. The defendants referred to in the case hereinbefore cited, pleaded guilty to misdemeanors, and each was sentenced under article 7-A of the Correction Law to an indefinite term in the New York City Penitentiary and, as stated by Chief Judge Desmond (p, 42),-such sentence “ means of course, that the imprisonment could be for. as long as three years whereas the maximum imprisonment, if the sentencing had not been under article 7-A, would have been one year.” And at page 43;. “ This court like other courts in the State has had difficulties aplenty in applying the quoted part of section 203 of the Correction Law which forbids the use of reformatory type of sentence in the case of any person who is ‘ incapable of being substantially benefited by being committed to a correctional and reformatory institution’ (see People v. *643 Thompson, 251 N. Y. 428; People v. Tower, 308 N. Y. 123; People ex rel. Kern v. Silberglitt, 4 N Y 2d 59; People v. Gross, 5 N Y 2d 131). As we wrote in People ex rel. Kern v. Silberglitt, we know that this kind of sentence, authorized by the Legislature for one purpose, is being used for quite a different one ’ ”.
The above authorities clearly indicate that it is when the sentencing court makes a positive finding that the defendant cannot be reformed, he may not legally be sentenced under article 7-A (People v. Gross, 5 N Y 2d 131, 133), but as stated in Wilson (supra, p. 43) “but when the court imposes that type of sentence without any finding' as to reformability there is a necessary implication from the sentence itself that reformation is possible (People v. Thompson, supra).” In the present case there is no statement either- expressed or implied that the defendant may not possibly be reformed. As a matter of fact when one refers to the defendant’s own statement that he has an ‘ ‘ impressive ’ ’ criminal record, it is somewhat of an understatement. As one gleans from a perusal of the defendant’s criminal record as indicated on the yellow sheet of the Police Department of the City of New York that he had his first conflict with the law in 1952 and that he had 11 prior arrests; that he was incarcerated in the penitentiary on five occasions and in State prison on one occasion. He had been paroled from the penitentiary on three occasions and had been returned for violation of his parole and that he had also been paroled from Sing Sing Prison. The defendant has shown expertise as to his accomplishments indicating a rather impressive criminal record. However, notwithstanding such a record, who among us mortals can definitely predict with exactitude that the defendant has given up all hope and that he shall continue to live in despair. It was stated in People v. Thompson (251 N. Y. 428, 434, supra) in the dissenting opinion by Judge 0’Bbieüst: “Few human beings have sunk so low that no possibility of reclamation will be presumed.” The poets have said, “ Hope springs eternal in the human breast.”
In the Wilson case (17 N Y 2d 40, supra), the defendant had a State prison background and pleaded guilty to possession of burglar’s tools as a misdemeanor. Defendants Johnson and Price pleaded guilty to attempted unlawful entry as a misdemeanor. Defendant Huntley pleaded guilty to unlawful entry as a misdemeanor; defendant Alonzo Edward, Jr., pleaded guilty to unlawful entry as a misdemeanor and defendant Abner Ben Levy pleaded guilty to petit larceny and assault in the third degree. The records in those cases indicate that they had been arrested for all sorts of crimes and as a matter of fact, *644 oiie of the defendants unquestionably could lay claim to having a more impressive criminal record than did the defendant herein.
The same question that presents itself here was raised in those cases and the determination was that the sentence was not improper notwithstanding the defendant’s prior criminal record. The record here indicates that the court did not expressly make a finding that the defendant was incapable of being benefited by a sentence under the provisions of section 203 of the Correction Law and the Court of Appeals held in the foregoing recent cases discussed herein that the sentences would be illegal when the court imposes a sentence with a finding in that regard. The minutes of the sentence clearly indicate that the court accepted the recommendation submitted in the probation report and there is absent any statement by the sentencing Judge that would indicate a finding that the defendant was incapable of being reformed. As a matter of fact, the court clearly indicated that he made no determination whatsoever other than the fact that the sentence pronounced was that the defendant was committed to the New York City Penitentiary. It is quite clear that a fair interpretation of the .eases cited would indicate that when a. sentence is imposed without an express or implied observation (as appears in the case at bar), then in such case that sentence must stand notwithstanding the defendant’s criminal record.
The defendant-petitioner has not presented any factual support to his application that would justify a hearing. It does not' come within the orbit of the' remedies offered by way of a writ of error coram nobis. This motion is without merit and has no basis in law. Accordingly the motion is in all respects denied and the District Attorney is directed to submit an order in compliance with the above memorandum and serve a copy of said order memorandum on his attorney and the defendant at the place in which he is presently incarcerated.