█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MALCOLM JEMMOTT, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 14, 1965, convicting him of unlawful entry, upon a plea of guilty, and sentencing him to the New York City Penitentiary. Judgment reversed, on the law, and action remitted for resentence in accordance with the views set forth herein. The findings of fact below have not been considered. Defendant was convicted of a misdemeanor punishable under section 1937 of the Penal Law by imprisonment for not more than one year. He was sentenced instead pursuant to article 7-A of the Correction Law, under which he may be incarcerated for as long as three years. At the sentencing, the court and defendant's counsel engaged in the following colloquy: " THE COURT: I think that Jemmott has been in conflict with the law about 11 times or more. MR. FABRICANT: He has quite a substantial record; yes, sir. THE COURT: Under the circumstances, the sentence of the Court is that Malcolm Jemmott be committed to the New York City Penitentiary. * * * MR. FABRICANT: Is your Honor making a finding that Malcolm Jemmott is rehabilitable with his prior criminal record before your Honor? THE COURT: I am not making any deter-

mination whatsoever. I am sending him to the New York City Penitentiary." Section 203 (subd. [e], par. 3) of the Correction Law forbids the use of an article 7-A sentence where the defendant is "incapable of being substantially benefitted by being committed to a correctional and reformatory institution". It has been held that: "when the court imposes that type of sentence without any finding as to reformability there is a necessary implication from the sentence itself that reformation is possible * * *. Such a finding, whether express or implied, must stand notwithstanding defendant's prior criminal record * * *. It is only when the record made on sentencing contains an express or informal finding of lack of reformability that an article 7-A sentence is erroneous as matter of law" (*People* v. *Wilson,* 17 N Y 2d 40, 43). In our opinion, this language by the Court of Appeals recognizes a duty upon the sentencing court to ascertain, prior to the imposition of an article 7-A sentence, that it is acting within the bounds of its authority as limited by the above-quoted portion of section 203 of the Correction Law. Silence by the court, coupled with imposition of the reformatory type sentence, gives rise to an implication that the defendant is reformable. Such implication is "necessary" because a finding of reformability, express or implied, must be made. However, when, as in the instant case, the court expressly disclaims that it is making any finding, that necessary implication cannot be squeezed from imposition of the article 7-A sentence, which was, therefore, erroneous as a matter of law. Christ, Acting P. J., Brennan and Hopkins, JJ., concur; Hill and Benjamin, JJ., dissent and vote to affirm the judgment, with the following memorandum: As we view the record, the sentencing judge merely refused to make explicit the finding of reformability already implicit in the sentence that had been imposed prior to defendant's request (cf. *People* v. *Thompson,* 251 N. Y. 428; *People* v. *Wilson,* 17 N Y 2d 40, 43). It is only when the record made on sentencing contains an express or informal finding of lack of reformability that an article 7-A sentence is erroneous as a matter of law (*People* v. *Wilson, supra*). Such is not the case here.