The People of the State of New York ex rel. James J. Armstrong, Appellant, v. The Warden of the City Prison of the City of New York, Respondent.

1. Constitutional Law — Statute Applicable Only to Certain Cities Not in Conflict with Equal Rights Clause of Federal Constitution. A statute applicable only to cities of the first and second class is not for that reason in conflict with the equal rights clause of the 14th amendment of the Federal Constitution, since the equality contemplated therein does not necessarily include a territorial equality, and legislation which, though limited in the sphere of its operation, affects alike all persons similarly situated within such sphere, is valid.

2. Same — Employment Agencies — Regulation within Police Power of Legislature. The statute regulating the keeping of employment agencies in cities of the first and second class (L. 1904, ch. 432), having for its purpose the prevention of frauds and probably the suppression of immorality, is not in conflict with the constitutional right to carry on a lawful business without legislative interference, since legislation which has for its object the promotion of the public health, safety, morals, convenience and general welfare or the prevention of fraud or immorality is within the police power of the legislature and valid, and the legislature had the right to take notice of the fact that such agencies are places where ignorant people frequently resort to obtain employment, affording great opportunity for fraud and oppression.

*People ex rel. Armstrong* v. *Warden, etc.*, 107 App. Div. 617, affirmed.

(Submitted November 20, 1905; decided December 5, 1905.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 22, 1905, which affirmed an order of Special Term dismissing a writ of habeas corpus and remanding the relator to the custody of the defendant.

The facts, so far as material, are stated in the opinion.

*Charles E. Le Barbier* for appellant. The act in question relates to the police power of the state, and such power can only be exercised for the promotion of the health, comfort, safety and welfare of society. (*Wright* v. *Hart*, 182 N. Y. 355; *Colon* v. *Lisk*, 153 N. Y. 188; *Lawton* v. *Steele*, 152 U. S. 133; *Lochner* v. *State*, 198 U. S. 45.) While the police power of the legislature has been extended in some cases to

different portions of the community, and not including the whole community, nevertheless an act of the kind in question as relates to appellant is not constitutional. (*People* v. *Beattie,* 96 App. Div. 392; *Williams* v. *People,* 24 N. Y. 405.)

*William Travers Jerome, District Attorney (Robert S. Johnstone* of counsel), for respondent. The statute under consideration does not violate the "equal rights" clause of the 14th amendment of the United States Constitution. (*People* v. *Havnor,* 149 N. Y. 195; *People* v. *Stedeker,* 75 App. Div. 449; *Whitely* v. *Terry,* 83 App. Div. 197; *Mallett* v. *North Carolina,* 181 U. S. 589; *Barbier* v. *Connolly,* 113 U. S. 27; *Williams* v. *People,* 24 N. Y. 405.) The statute under consideration is a valid exercise of the police power of the state. (*People ex rel. Kemmler* v. *Durston,* 119 N. Y. 569; *Matter of Stillwell,* 139 N. Y. 337; *People ex rel. Nechamcus* v. *Warden,* 144 N. Y. 529; *Bohmer* v. *Haffen,* 161 N. Y. 390; *People* v. *West,* 106 N. Y. 293; *Lochner* v. *New York,* 198 U. S. 45; *People* v. *Ewer,* 141 N. Y. 129; *People* v. *King,* 110 N. Y. 418; *Matter of Jacobs,* 98 N. Y. 98; *Bertholf* v. *O'Reilly,* 74 N. Y. 509.) The regulation of employment agencies is a subject falling within the police power because it tends to promote the public welfare by preventing fraud, deception and immorality. (*Price* v. *People,* 193 Ill. 114.)

O'Brien, J. The courts below have dismissed a writ of habeas corpus sued out by the relator to inquire into the cause of his imprisonment and to be discharged therefrom. The defendant made return to the writ to the effect that he detained the relator in his custody by virtue of a warrant of commitment made by one of the city magistrates of the city of New York on the 31st day of March, 1905, and a copy of the warrant was annexed to the return and made a part thereof. After a hearing upon the petition, the return and the writ, the court decided that the relator was properly committed and the order was affirmed on appeal.

There is no dispute whatever about the facts and the relator's contention raises simply a question of law.  He was detained upon the warrant of commitment by virtue of a judgment or order made by the committing magistrate on the hearing of a complaint against him for violation of a statute. The statute is chapter 432 of the Laws of 1904, and is entitled " An act to regulate the keeping of employment agencies in the cities of the first and second class where fees are charged for procuring employment or situations."  The statute contains ten sections and purports to regulate the business of employment agencies in the cities mentioned in the title in various ways, not necessary here to enumerate.  The question in this case turns upon the second section, which reads as follows : " No person shall open, keep or carry on any such employment agency in the cities of the first and second class, unless every such person shall procure a license therefor from the mayor of the city in which such person intends to conduct such agency.  Any person who shall open or conduct such an employment agency without first procuring such license, shall be punishable by a fine not exceeding two hundred and fifty dollars, or on failure to pay such fine, by imprisonment not exceeding thirty days.  Such license shall be granted upon the payment to said mayor of a fee of twenty-five dollars annually for such employment agency in cities of the first and second class."  It is admitted that the relator kept an employment agency in the city of New York and was engaged in that business without having procured any license from the mayor, or having complied in any respect with the provisions of the statute.

The relator insisted in the courts below, and insists in this court, that the statute upon which the commitment is based is void, as in conflict with the State and Federal Constitutions. It is argued that it is in conflict with the equal rights clause of the fourteenth amendment of the Federal Constitution, since it applies only to cities of the first and second class. But it seems to be well settled in this court and in the Federal court that the equality within the contemplation of the four-

teenth amendment does not necessarily include a territorial equality, and that legislation which, though limited in the sphere of its operations, affects alike all persons similarly situated within such sphere, is valid. (*People* v. *Havnor*, 149 N. Y. 195; *Mallett* v. *North Carolina*, 181 U. S. 589; *Barbier* v. *Connolly*, 113 U. S. 27; *Williams* v. *People*, 24 N. Y. 405.) Criminal laws are not necessarily unconstitutional even if they bear unequally upon persons in different parts of the state. The evil which the legislature may have in view in passing such laws may exist only in the great cities of the state, and have no existence in rural districts.

The other objection made by the relator to the validity of the statute presents a question which has been very much discussed in this court as well as in other courts, and that is that the statute interferes with the relator's right to carry on a lawful business without being hampered by statutory regulations. The cases are abundant which hold that the individual has the right to carry on any lawful business, or earn his living in any lawful way, and that the legislature has no right to interfere with his freedom of action in that respect, or otherwise place restraints upon his movements. But, of course, these cases must all be understood as applying to laws that are not within the police power. If the statute comes fairly within the scope of the police power it is a valid law, although it may interfere, in some respects, with the liberty of the citizen, which of course includes his right to follow any lawful employment. A statute to promote the public health, the public safety or to secure public order or for the prevention or suppression of fraud is a valid law, although it may, in some respects, interfere with individual freedom. All business and occupations are conducted subject to the exercise of the police power. Individual freedom must yield to regulations for the public good. It may be laid down as a general principle that legislation is valid which has for its object the promotion of the public health, safety, morals, convenience and general welfare or the prevention of fraud or immorality.

We think that such is the character of the statute in question. It was intended to regulate employment agencies in cities. The legislature had the right to take notice of the fact that such agencies are places where emigrants and ignorant people frequently resort to obtain employment and to procure information. The relations of a person so consulting an agency of this character with the managers or persons conducting it are such as to afford great opportunities for fraud and oppression, and the statute in question was for the purpose of preventing such frauds and, probably, for the suppression of immorality.

We think that the objections to the statute are not well founded ; that it is a valid law and, therefore, the order should be affirmed.

CULLEN, Ch. J., BARTLETT, HAIGHT, VANN and WERNER, JJ. (and GRAY, J., in result), concur.

Order affirmed.