PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY
KIPNIS v. JOSEPH McCANN, Acting Warden of the
Penitentiary of New York County.

(Supreme Court, New York Special Term, October, 1921.)

Habeas corpus — misdemeanors — punishment — Penal Law, § 483
— Parole Commission Act, § 4.

Where upon relator's conviction of a misdemeanor under
section 483 of the Penal Law, the prescribed punishment for
which is not more than one year in the penitentiary, etc.,
he was detained therein for about twenty-one months, he is
entitled to be discharged on habeas corpus.

Section 4 of the Parole Commission Act, which allows the
detention of a prisoner for the period of three years, does not
refer to misdemeanors and has no application to the present
case.

HABEAS CORPUS to inquire into detention.

Edward Swann, district attorney, Michael **J.**
Driscoll, assistant district attorney, for People.

Meyer Greenberg, for relator.

DAVIS, J. Habeas corpus to inquire into the deten-
tion of the relator now imprisoned in the penitentiary.
The relator was convicted in the Court of Special
Sessions of the city of New York of the misdemeanor
of impairing the morals of a child. Penal Law, § 483.
He was sentenced January 5, 1920, under the Parole
Commission Act (Laws of 1915, chap. 579, as amd. by
Laws of 1916, chap. 287). The sentence was indeter-
minate, as required by the Parole Commission Act
(§ 4). The relator has been imprisoned under this
judgment for about twenty-one months. He contends

that one year is the longest term he could be required to serve, and that he is now unlawfully restrained of his liberty. The offense for which he was convicted, as stated above, is a misdemeanor. The penalty prescribed by law for this particular misdemeanor is not more than one year in the penitentiary or county jail, or a fine of not more than $500, or by both. There is no provision of the Parole Commission Act which gives that commission power to enlarge this term of imprisonment beyond the year provided by the Penal Law. The warden of the penitentiary has detained this relator far beyond the longest term (one year) provided by the Penal Law. For these reasons this writ should be sustained and the relator discharged. It is urged by the respondent that section 4 of the Parole Commission Act allows the detention of a prisoner for the period of three years. This three-year provision was intended to meet cases where defendants guilty of certain felonies were sentenced to a term in the penitentiary for more than one year and does not refer to misdemeanors. Writ sustained and relator discharged.

Ordered accordingly.