THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH HAUSER, Relator, against THOMAS McDONNELL, as Warden of City Prison of Brooklyn, Defendant.

Supreme Court, Special Term, Kings County, August 14, 1950.

*Joseph M. Tocci* for relator.

*Miles F. McDonald, District Attorney* (*David Diamond* of counsel), for defendant.

HART, J.  This is a special proceeding initiated by a writ of habeas corpus upon the petition of Joseph Hauser, father of Vincent Hauser, to inquire into the continued detention of the latter at the City Prison in Brooklyn, New York, to which he was committed under a sentence of a Judge of the County Court of Bronx County on the 10th day of June, 1949.

The prisoner was originally indicted in the County Court of Bronx County on March 25, 1949, for burglary in the third degree.  Thereafter, and on May 13, 1949, upon the recommendation of the District Attorney of Bronx County, he pleaded guilty to petty larceny.

On June 10, 1949, he appeared before the said County Judge for sentence and was thereupon sentenced under article 7-A of the Correction Law to the New York City Penitentiary, with the recommendation by the County Judge that he be confined therein for the maximum period of three years.

It is provided in subdivision (e) of section 203 of the Correction Law, in effect, that one who is " mentally or physically incapable of being substantially benefited by being committed to a correctional and reformatory institution " shall not be committed to such institution.

The District Attorney contends that the act of the sentencing Judge in committing the defendant to the New York City Penitentiary is conclusive evidence of the judge's belief that the defendant was not " mentally or physically incapable of being substantially benefited."

The attorney for the relator contends that the record dis-closes that the County Judge sentenced the defendant to the New York City Penitentiary in spite of his expressed belief that the defendant was " mentally or physically incapable of being substantially benefited." The minutes taken at the time of sentence reveal that the County Judge stated he was " disturbed by the fact that the district attorney took a plea and not gave him another felony. I think the man is due to be a lifer sooner or later. *The quicker he becomes it the quicker he is going to be settled in his selected, predestined life.* That is all he wants. We have four pages of convictions here. *They may just as well accelerate his ambition to be a lifer.* Nobody is going to disturb him and I don't see why they showed him any consideration. * * * This man should have another felony conviction. The quicker he gets the fourth the better for him probably, because if that is where he wants to wind up please him." (Emphasis supplied.)

In the face of this language, this court is asked to decide that the sentencing Judge believed that the defendant thus sentenced could be rehabilitated.

The District Attorney cites several cases for the authority that " notwithstanding such remarks, the court very often proceeds to sentence the defendant to the New York City Penitentiary for correctional and reformatory purposes."

In *People ex rel. Pastore* v. *Ashworth* (66 N. Y. S. 2d 548) the court stated: " It seems necessary to remark that sentencing judges should not indulge in explosive language indicative of a finding of fact that the defendant is incorrigible and beyond reform and then conclude with the seeming non sequitur of a sentence under the Parole Law accompanied, as too often occurs, with a recommendation of three years' incarceration." After delivering itself of this truism the court dismissed the writ upon the theory that habeas corpus was not the proper remedy.

To sustain this commitment would be tantamount to saying that the County Judge did not mean what he said when he characterized the defendant as a man without a future who was destined to become a lifer and who, in addition thereto, expressed the thought that the sooner he became a lifer the better.

The District Attorney argues that this court must believe that the County Judge did not mean what he said because immediately thereafter he sentenced the defendant under the Correction Law and it must be presumed that the Judge thought that the defendant could be reformed.

Without discussing the motives which prompt judges to indulge in " explosive language indicative of a finding of fact " that a defendant is beyond reform, this court believes that language employed by a sentencing judge, whether of an explosive or nonexplosive nature, should be accepted and construed in the same manner as language used by others who are fortunate or unfortunate enough to have judicial responsibilities.

If this argument were to be followed to its logical conclusion a Justice of the Supreme Court before whom a patient were brought for commitment to a State hospital could state upon the record that he was of the opinion that the defendant was not mentally ill and thereupon commit said patient to a State hospital. Could it be argued that the commitment was conclusive evidence of the court's belief that the patient was mentally ill and that the court's direct statements to the contrary should be disregarded?

The District Attorney further argues that habeas corpus is not the proper remedy in view of the fact that the sentencing court had the power to sentence a misdemeanant to the New York City Penitentiary. This power of the court, however, is limited. Only misdemeanants who are found by the court not to be beyond reform may be so committed.

It was the intent of the Legislature in enacting article 7-A of the Correction Law that only persons whom the sentencing judge believed could be reformed should be sentenced to the New York City Penitentiary. To sentence a hardened criminal for whom the Judge holds out no hope of reform to the New York City Penitentiary would expose others who might be reformed to a danger sought to be avoided by the enactment of such law.

The act of the Legislature constitutes a limitation on the power of the sentencing Judge in that he may only sentence *those who he believes* may be rehabilitated to said institution. The Judge in the instant case having specifically stated that he believed that the defendant would ultimately become a " lifer " violated the aforesaid provisions of law by sentencing him to the penitentiary and the sentence thus pronounced was void for want of jurisdiction.

In *People ex rel. Tweed* v. *Liscomb* (60 N. Y. 559, 591) it was specifically held that habeas corpus is a proper remedy to secure the release of a defendant who is held under a judgment not authorized by law. The court said: " A party held only by virtue of judgments thus pronounced, and therefore void for want of jurisdiction, or by reason of the excess of jurisdiction,

is not put to his writ of error, but may be released by *habeas corpus*. It will not answer to say that a court having power to give a particular judgment can give any judgment, and that a judgment not authorized by law, and contrary to law, is merely voidable and not void, and must be corrected by error. This would be trifling with the law, the liberty of the citizen, and the protection thrown about his person by the bill of rights and the Constitution, and creating a judicial despotism. It would be to defeat justice, nullify the writ of *habeas corpus* by the merest technicality, and the most artificial process of reasoning.'' And again at page 592: `` If a court having jurisdiction of the person of the accused, and of the offense with which he is charged, may impose any sentence other than the legal statutory judgment, and deny the aggrieved party all relief except upon writ of error, it is but a judicial suspension of the writ of *habeas corpus*. That writ is alike a protection against encroachments upon the liberty of the citizens by the unauthorized acts of courts and judges, as against any mere arbitrary arrest.''

Upon finding that the defendant was not subject to rehabilitation the court's power was limited to imposing sentence under the provisions of the Penal Law which provide for a maximum term of one year. The defendant has been confined in excess of that maximum and his further detention is illegal.

Writ sustained; prisoner discharged (*People ex rel. Hubert* v. *Kaiser*, 206 N. Y. 46; *People ex rel. Kipnis* v. *McCann*, 116 Misc. 589).