THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN E. BERRY, Relator, against MILTON KLEIN, as Warden of the Penitentiary of the City of New York, Rikers Island, Defendant.

Supreme Court, Special Term, Bronx County, November 10, 1950.

*John E. Berry,* relator in person.

*John B. Lee, Assistant District Attorney,* Bronx County, representing District Attorneys of Bronx and New York Counties, for defendant.

HAMMER, J. The writ is dismissed and the prisoner is remanded.

The question raised by the relator on the hearing on this writ of habeas corpus was passed upon by this court as early as 1943, in the case of *People ex rel. Pastor* v. *Ashworth* (66 N. Y. S. 2d 548), from which I quote the following: " Despite the statements made by the sentencing judge, the appellate courts have ruled that a sentence under the Parole Law is necessarily based upon a previous determination that the offender is not incapable of correctional and reformatory treatment. It seems necessary to remark that sentencing judges should not indulge in explosive language indicative of a finding of fact that the defendant is incorrigible and beyond reform and then conclude with the seeming non sequitur of a sentence under the Parole Law accompanied, as too often occurs, with a recommendation of three years' incarceration."

The decision here and the decision heretofore made is required by controlling decisions of the Appellate Courts (*People ex rel. Standik* v. *Ashworth,* 66 N. Y. S. 2d 547, affd. 266 App. Div. 775).

In view of the above decisions, which we are constrained to follow, we do no more than note with interest the learned opinion at Special Term, Kings County, in *People ex rel. Hauser* v. *McDonnell* (198 Misc. 738).

The writ is dismissed.