Morris Eder, J.
On this writ of habeas corpus, relator bases his contention that the prisoner, who has completed more than eight months of his sentence to the New York City Penitentiary, is entitled to be released at this time upon the following premises:
*503 (1) That the maximum sentence legally imposable was a one-year definite sentence (Penal Law, § 1937) in view of the determination of the sentencing judge, as evidenced by his unqualified characterization of defendant as hopelessly incorrigible, that he was “ incapable of being substantially benefited by being committed to a correctional and reformatory institution ” (Correction Law, § 203, subd. [e], par. 3), thus rendering improper the actual sentence imposed of commitment pursuant to section 203 of the Correction Law, this being an indefinite sentence for a maximum period of three years subject to the power of the parole commission of the City of New York, with the written approval of the sentencing judge or his successor, to parole, conditionally release or discharge the prisoner prior to the expiration of three years; and
(2) That he has now completed Ms legal one-year term, as reduced by good-conduct time credit to which he claims to be entitled under the law.
Concerning the first premise: There is a line of cases holding that, despite the seemingly contrary remarks of the sentencing judge, the indefinite sentence immediately thereafter imposed must be conclusively presumed as carrying with it the implied decision that defendant is capable of being benefited by correctional methods (see People ex rel. Standik v. Ashworth, 66 N. Y. S. 2d 547, affd. without opinion 266 App. Div. 775; People ex rel. Berry v. McDonnell, N. Y. L. J., Jan. 29, 1951, p. 350, col. 7, affd. without opinion 278 App. Div. 904, appeal taken as of right dismissed for lack of a constitutional question 303 N. Y. 624; People ex rel. Berry v. Klein, 198 Misc. 742; People ex rel. Scott v. McDonnell, 133 N. Y. S. 2d 451). Delator, however, urges that the statements here made are of such absolute nature as to leave no room for doubt regarding the sentencing judge’s real decision that defendant was incapable of correction and that the indefinite sentence must then be deemed to have been imposed for punitive rather than correctional purposes and therefore contrary to the provisions of the statute, citing as authority the decision of Hart, J., in People ex rel. Hauser v. McDonnell (198 Misc. 738) holding contra, at least on its facts, to the line of cases above alluded to. Although the controlling principle has been clearly stated by the Court of Appeals (People v. Tower, 308 N. Y. 123, 125): ‘£ Under the Correction Law the function of the sentencing court is to determine, at the time of sentence, whether or not the defendant is capable of receiving substantial benefit by commitment to a correctional and reformatory institution ”— its application presents a perplexing problem where, as here *504 claimed, the sentencing judge unmistakably states his view that defendant is not so capable but nevertheless imposes the “ correctional ” sentence.
This issue presented by relator’s first premise is deemed a substantial one in view of the record of the proceedings at time of sentence. But, since this writ will have to be dismissed in any event as premature, as indicated below in the consideration of his second premise, that issue should in all fairness be left for determination when a proper and timely proceeding has been brought. A decision in the present proceeding on the merits of that issue, if unfavorable to petitioner, would be binding upon him, while one favorable to him would be academic, of no avail to effect his release, and the entire matter would have to be decided anew on a subsequent application. His right to have it decided in a proper proceeding should be preserved.
As to the second premise: A court has no power to order release of a prisoner upon habeas corpus prior to the completion of the full term for which he could lawfully be detained without a showing that he has been allowed by the proper authorities the reduction claimed by him for good conduct. Although article 9 of the Correction Law, entitled “ Discretionary Reductions of Sentences in State Prisons and Penitentiaries ”, was substantially amended in 1948 (L. 1948, ch. 631) so as to permit prison boards to allow and thus put into effect directly the reductions for good conduct and diligent performance of duties, formerly made by the Governor upon their recommendation, it was still provided that no right was being conferred upon the prisoner to demand or require such reduction (Correction Law, § 230, subd. 2); that the boards were to meet once in each month to determine the amount of reduction which “ they shall allow to any prisoner ”, with full discretion to withhold the allowance or part thereof for offenses against discipline (§ 235), and that their action “ shall not be reviewable if done according to law ” (§ 236).
It has been held that article 9 does not apply to prisoners in the New York City Penitentiary or similar institutions of imprisonment under the Parole Commission Law, now article 7-A of the Correction Law (People ex rel. Kohlepp v. McGee, 256 App. Div. 792; People ex rel. Angley v. Warden, 153 Misc. 307; People ex rel. Welch v. Slattery, 179 Misc. 899). It is clear, of course, that prisoners in such penitentiaries under an indefinite sentence subject to the absolute discretion of the respective parole commissions of the cities involved would be subject to their good conduct and disciplinary rules. It appears that in this city the parole commission allows by rule a reduc *505 tion of five days in each month for good conduct, but this obviously is only one of the elements taken into consideration whenever the commission decides to parole the prisoner. Prisoners under a definite sentence in such penitentiaries are not, however, under the jurisdiction of the parole commission insofar as the time of their release is concerned, and while no express provision seems to have been made in the law to cover their credits for good time, the practice appears to be to conform so far as possible to the procedure set forth in article 9 for State prisoners under a definite sentence. Although there is no “ Prison Board ” in the New York City Penitentiary, the warden tentatively credits definite-sentence prisoners with the ten-days-in-each-month reduction provided in article 9 subject to withholding in the event of infractions being found by a disciplinary committee and transmits his report concerning reduction of sentences to the Commissioner of Correction in the same manner as prison boards are required by article 9 to do.
As this prisoner was committed under an indefinite sentence, there has been no occasion for the warden to allow him the reductions provided for definite-sentence prisoners. But such an allowance must first be made before a court may consider the prisoner entitled to have his sentence reduced, since the allowance is not to be treated as an automatic matter of course. The established rule is that the prisoner must submit a certificate or other written document certifying to the allowance having been granted him before a writ may be sustained when applied for prior to completion of the term.
Accordingly, this proceeding must be dismissed on the grounds of prematurity. Relator may renew his application for the writ after the expiration of one year (as was the situation in People ex rel. Hauser v. McDonnell, supra); or, prior thereto, bring an article 78 proceeding to compel the warden to certify the amount of reduction to which he is entitled (see People ex rel. Schali v. Deyo, 181 N. Y. 425, 431; People ex rel. Willis v. Sage, 11 App. Div. 4; People ex rel. Hammond v. Martin, 261 App. Div. 648), if the warden refuses to so certify without a court order. On such a proceeding the court would first necessarily have to decide on the merits the issue as to whether the prisoner’s legal sentence should have been a definite one-year sentence and, only if it so determined, compel the certification of the reduction allowance; thereafter, if not released in conformity with the procedure applicable to a definite sentence prisoner, the issuance of a writ would be in order.
Writ dismissed without prejudice and prisoner remanded.