Francis X. Conlon, J.
Relator’s claim, on this writ of habeas corpus, that the prisoner is entitled to immediate release from confinement, is predicated upon the contention that the sentencing court had no power to impose an indeterminate sentence, in view of statements made by it prior to the imposition of sentence which tend to indicate its belief that he was incapable of reforming. Relator urges that the court’s only power, in the light of its remarks, was to impose a definite sentence of a maximum of one year. A prior application for the relief now sought was denied as premature, but without prejudice to a renewal after the prisoner had served a term of one year. The present proceeding is brought after the expiration of the year of detention, and no claim of prematurity is made.
It is clear that unless the sentencing court determines that the offender is “ Insane, or mentally or physically incapable of being substantially benefited by being committed to a correctional and reformatory institution” (Correction Law, § 203, subd. [e], par. 3) the court is authorized to commit him to the penitentiary of the City, of New York for a term not to exceed three years. (Correction Law, § 203.) “ The legisla *134 tion has for its object moral reformation rather than punishment, and it is, therefore, ‘ wholesome in its character, and the courts should be reluctant to thwart or impede its efficiency ’ (People ex rel. St. Clair v. Davis, 143 App. Div. 579, 587)”. (People ex rel. Kipnis v. McCann, 199 App. Div. 30, 38, affd. 234 N. Y. 502.) If the sentencing court imposes a definite sentence for a fixed term, the sentence necessarily implies a finding by the court that the offender could not be substantially benefited by correctional and reformatory treatment, and, conversely, a sentence for an indeterminate term to a correctional or reformatory institution necessarily implies that the court found that the offender could be substantially benefited (People v. Thompson, 251 N. Y. 428). As Judge Lehman, writing for the majority of the Court of Appeals in the cited case, observed (p. 431): “ the validity or nullity of the sentence cannot be made dependent upon proof of the mental processes of the trial court or of the mental or physical capacity of the offender.” This case has been uniformly and repeatedly interpreted by the courts of this department as holding that remarks of the sentencing court preceding the sentence must be disregarded in determining whether or not that court found the offender capable of being substantially benefited by sentence for an indeterminate term to a correctional or reformatory institution. What the court found under these authorities is to be gathered from the nature of the sentence imposed. If the sentence is for an indefinite term, the holdings have been that the sentence necessarily and conclusively implies a finding that the offender is capable of being substantially benefited by sentence to a reformatory or correctional institution, regardless of statements made by the court, prior to the sentencing, indicating a contrary view. (People ex rel. Pastore v. Ashworth, 66 N. Y. S. 2d 548; People ex rel. Schurman v. Ashworth, 67 N. Y. S. 2d 179; People ex rel. Berry v. Klein, 198 Misc. 742; People ex rel. Granza v. Johnston, 67 N. Y. S. 2d 181, affd. 271 App. Div. 825; People ex rel. Standik v. Ashworth, 66 N. Y. S. 2d 547, affd. 266 App. Div. 775; People ex rel. Travatello v. Ashworth, 268 App. Div. 892, revg. 182 Misc. 52.)
In the Travatello case (supra) the sentencing court, after stating (p. 54) that the offender was “practically beyond redemption ” continued with language indicating, as the Special Term found, that it thought that there was no possibility or hope of redemption. Nevertheless, the order of the Special Term sustaining the writ was reversed and the writ dismissed. In the Standih case (supra) the sentencing court’s remarks likewise indicated its belief that there was no hope for reform. *135 The order dismissing the writ was, notwithstanding these remarks, affirmed upon appeal. In the Schurman ease (supra) the sentencing court referred to the offender as ‘ ‘ hopeless ’ ’, yet the writ was dismissed, the court declaring that ‘ ‘ under the authorities, the possibility of benefit by such sentence is to be conclusively presumed from the very sentence, however incongruous.” In the Granza case (supra) the court’s holding that the capability of substantial benefit was to be conclusively presumed from the indeterminate sentence imposed, regardless of the remarks of the sentencing court indicating a contrary belief, was affirmed by the Appellate Division. (See, also, People ex rel. Halle v. Ashworth, 67 N. Y. S. 2d 178, affd. 268 App. Div. 765.)
In view of the many authorities, appellate as well as at Special Term, holding that the sentence imposed, regardless of the sentencing court’s remarks, is determinative and decisive as to whether the courts found that the offender could be substantially benefited by correctional treatment, this court is constrained to dismiss the writ here involved. It is accordingly unnecessary to determine whether the relator’s proper remedy, as the District Attorney urges, was an appeal from the judgment rather than a delayed habeas corpus proceeding.
Writ dismissed and prisoner remanded.