## (June 18, 1957)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL KERN, on Behalf of HARRY GROSS, Appellant, against HARRY SILBERGLITT, as Warden of the Penitentiary of the City of New York, Respondent.

*Per Curiam.* Special Term properly dismissed petitioner's writ of habeas corpus. The penitentiary sentence imposed raises an irrebuttable presumption that the court did not find the defendant incapable of being substantially benefited by a commitment to a correctional and reformatory institution (*People* v. *Thompson,* 251 N. Y. 428). It is the sentence that controls and not the preliminary remarks of the sentencing judge, despite any apparent inconsistency (cf. *People ex rel. Standik* v. *Ashworth,* 66 N. Y. S. 2d 547, affd. 266 App. Div. 775; *People ex rel. Granza* v. *Johnston,* 67 N. Y. S. 2d 181, affd. 271 App. Div. 825, motion for leave to appeal denied 271 App. Div. 916).

The fact that the sentencing court had previously suspended sentence and fixed a probationary period of one year is without significance since the court retains the power, upon a violation of probation, to revoke the original sentence and resentence. (Code Crim. Pro. § 470-a.)

Apart from this, the petitioner, at the time of sentence, asked for and was denied a one-year sentence. The request was predicated on the same and, indeed, the only theory that bottoms the contentions and the arguments advanced at Special Term and in this court. Thus, any alleged error in the sentence appears in the record. The defendant had the right to question the legality of the sentence by way of appeal. (Code Crim. Pro., § 517; see *People* v. *Tower,* 308 N. Y. 123.) He did not avail himself of that right. There being no issue as to jurisdiction of the subject matter and the person, any review of the sentence should be made only by the appropriate appellate tribunal. (*Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131; *People ex rel. Standik* v. *Ashworth, supra.*) In this posture, the remedy of the writ of habeas corpus is not available to the petitioner. (Civ. Prac. Act, § 1231.)

The order appealed from should be affirmed.

Botein, J. P., Frank, Valente, McNally and Bastow, JJ., concur.

Order unanimously affirmed. [5 Misc 2d 133.]