Desmond, J.
This is a habeas corpus proceeding contesting a sentence imposed on one Harry Gross. In February, 1956, when Gross was found guilty of a violation of probation, the *61 County Judge had under the pertinent statutes a choice between two kinds of imprisonment. He could have ordered confinement in a penal institution for not more than one year (Penal Law, §§ 600, 1937) or in a reformatory-type institution for an indeterminate term not exceeding three years (Correction Law, § 203). He chose the latter. The reformatory-type sentence, however, was forbidden by law for any convicted person who was “ mentally or physically incapable of being substantially benefited ” by reformatory treatment (Correction Law, § 203). As we held in People v. Thompson (251 N. Y. 428, 432), such a sentence “ is necessarily based upon a previous determination that the offender is not incapable of such benefit ”. In this instance, however, the sentencing Judge talked one way but acted another way. He announced at some length his conclusion that Gross was beyond redemption, but when it came to the actual mandate he (incongruously and inconsistently) ordered an indeterminate sentence.
Gross took an appeal from the conviction but up to the date of this present decision in this court that appeal has not been prosecuted. A year after sentence relator sued out this writ of habeas corpus. We agree with the Appellate Division that the remedy is not available. It is only when “relator’s sentence is for a térm longer than authorized by statute ” (People ex rel. Carollo v. Brophy, 294 N. Y. 540, 542) that habeas corpus may be invoked to correct it (People ex rel. Tweed v. Liscomb, 60 N. Y. 559, 591, 592; People ex rel. Milton v. Jackson, 297 N. Y. 708). “ The writ of habeas corpus they cannot use, since their convictions were by a court which had jurisdiction of their persons and of the crimes they were charged with, and power to declare the particular sentences meted out to them” (Matter of Hogan v. New York Supreme Court, 295 N. Y. 92, 97). The question is one of power, not of propriety or good judgment, and power existed here. In People v. Bendix (260 N. Y. 590) this court upheld the indeterminate reformatory sentence, in a situation much like the one we are here describing. When Bendix was sentenced, the Presiding Justice read into the minutes defendant’s record of 10 convictions including 4 felonies. His counsel argued to the sentencing court and later to this court on appeal that the indeterminate reformatory sentence was illegal and *62 obviously punitive rather than correctional. We affirmed the judgment of Conviction (for another case similar to Bendix see People v. La Rue, 266 App. Div. 995).
It is no mere technicality to hold that this error, if such it was, may not be reached by habeas corpus. All this matter of sentencing appeared on the face of the record and the alleged invalidity of the sentence was argued to the County Judge by the attorney representing Gross. No reason appears why Gross should have this additional remedy besides appeal which he failed to use. Appeal was the method employed to raise this very question in People v. Thompson (251 N. Y. 428, supra); People v. Bendix (260 N. Y. 590, supra), and People v. Tower (308 N. Y. 123).
Of course, we cannot close our eyes to these irregularities or fail to realize that this kind of sentence, authorized by the Legislature for one purpose, is being used for quite a different one. But since habeas corpus is the wrong remedy, we cannot reach in this ease the question of the propriety of this sentence.
The order should be affirmed.