Appeal from a judgment of the County Court, Kings County, revoking appellant’s probation and sentencing him to the New York City Penitentiary for an indeterminate term not exceeding three years. On March 30, 1955 appellant pleaded guilty to one of numerous counts in an indictment charging him with criminal contempt of court. Thereupon the court suspended sentence and placed appellant on probation for one year. On or about February 1, 1956, following a charge that appellant had violated the terms of his probation, the court imposed the sentence under review. At the request of the parties this appeal has been heard on the record on appeal in People ex rel. Kern v. Silberglitt (4 N Y 2d 59, decided February 28, 1958). Judgment reversed on the law. Upon sentencing appellant, the County Judge under pertinent statutes had a choice between two kinds of imprisonment. He could have ordered confinement in a penal institution for not more than one year (Penal Law, §§ 600, 1937) or in a reformatory-type of institution for án indeterminate term not exceeding three years (Correction Law, § 203). The latter alternative, however, was forbidden for any convicted person who was “ mentally or physically incapable of being substantially benefited ” by reformatory treatment (Correction Law, § 203). There is a duty upon a sentencing judge to determine, before imposing sentence, whether a prisoner is capable of reformation, and where there is an unequivocal affirmative finding that the offender is incapable of being substantially benefited, the imposition of a sentence under article 7-A of the Correction Law is unlawful (People ex rel. Kern v. Silberglitt, supra). Here the sentencing Judge, at length and apparently with considerable vehemence, found that “You can no more change him [appellant] the longest day he lives tha[n] you will take the spots off a leopard. He will never be any different. He cannot be; it is part of the very being, it is part of the very blood that courses through his veins ”; thrice the County Judge stated “I do not think he will ever change”; he did not think “it is in. him” “to go straight and to be decent”; and finally “If I saw a glimmer of hope for him, I would exercise my prerogative as a Judge in that regard.” Surely if there ever was an unequivocal finding at the time of sentence that a defendant could not be reformed, this is it. Since appellant has already served more than one year (the maximum period of time to which he could have been sentenced), we see no necessity for the imposition of a new sentence. The ends of justice in this ease will be accomplished by a reversal of the judgment and the discharge of the appellant (People v. Scheuren, 148 App. Div. 324). The appellant is, therefore, discharged.
Nolan, P. J., Wenzel, Beldoek, Ughetta and Hallinan, JJ., concur.