Froessel, J.
Defendant was convicted of criminal contempt following his plea of guilty. The County Judge suspended sentence, and fixed a probationary period of one year. Thereafter, having found that defendant violated the terms of his probation, the Judge sentenced him to an indeterminate term in the New York City Penitentiary pursuant to article 7-A of the Correction Law.
*133 It appears that defendant had filed a timely notice of appeal, but, instead of prosecuting it promptly, he subsequently instituted a habeas corpus proceeding, contending that the sentencing court, by reason of unequivocal statements allegedly constituting a judicial finding of incorrigibility, rendered itself powerless to sentence him to an indefinite penitentiary sentence under section 203 of the Correction Law. The Supreme Court dismissed the petition, and the Appellate Division, First Department, affirmed upon two grounds: (1) that the penitentiary sentence imposed raised an irrebuttable presumption that the court did not find the defendant incapable of being substantially benefited by a commitment to a correctional and reformatory institution, and that it is the sentence that controls and not the preliminary remarks of the sentencing Judge, despite any apparent inconsistency, and (2) defendant’s sole remedy was by way of appeal and the writ of habeas corpus was not available. (People ex rel. Kern v. Silberglitt, 3 A D 2d 996.)
Upon appeal to us we affirmed, by a divided court, said order of the Appellate Division upon the sole ground that habeas corpus did not lie to review such a sentence (People ex rel. Kern v. Silberglitt, 4 N Y 2d 59).
After our decision, defendant promptly prosecuted his then dormant appeal from the judgment of conviction, whereupon the Appellate Division, Second Department, reversed the conviction upon the ground that, since the sentencing court had made an unequivocal finding at the time of sentence that defendant could not be reformed, he should have been sentenced to a penal institution for not more than one year and, inasmuch as that time had expired, defendant was discharged (People v. Gross, 5 AD 2d 878).
These views having already been sufficiently expressed in the minority opinion when the case was before us on the former appeal, with which views there was no disagreement on the part of the majority, we need not reiterate them here.
The order appealed from should be affirmed.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Van Voorhis and Burke concur.
Order affirmed.