Burke, J.
The sole issue presented on this appeal, here by permission, is whether, on arraignment for a violation of the Traffic Regulations of the City of New York, a City Magistrate must advise a defendant of his right to counsel.
The Appellate Part of the Court of Special Sessions of the City of New York, First Department, unanimously reversed two judgments of the City Magistrates’ Court of the City of New York, County of New York, convicting the defendant, on his *215 plea of guilty, of two violations of article 6 (§60, subd. B) of the Traffic Regulations of the City of New York (speeding), and imposing as to each conviction a fine of $50, or in lieu thereof, a term of 10 days’ imprisonment, and revoking defendant’s driver’s license. The ground for reversal was the alleged denial of a constitutional right.
The order of the Appellate Part of the Court of Special Sessions must be reversed because the Legislature, consonant with its powers under the Constitution, has seen fit to limit the requirement that a Magistrate must inform a defendant of his right to the aid of counsel only to counties other than those constituting the City of New York (Code Grim. Pro., pt. V). The right to the warning required by section 699 of the Code of Criminal Procedure has not been extended by section 741, applicable only to Special Sessions Courts, to the cases of defendants arraigned in Magistrates’ Courts in the city.
The differences in the procedures to be followed were undoubtedly occasioned by the Legislature’s recognition of the dissimilarities in the several courts’ authority. In New York City, while a City Magistrate has exclusive jurisdiction to hear and determine traffic infractions and offenses, jurisdiction over misdemeanors is vested in the New York City Court of Special Sessions, excepting gambling cases, which were recently placed within the purview of the Magistrates’ Courts (Penal Law, § 724; N. Y. City Crina. Cts. Act, §§ 31,102,102-a). On the other hand, outside of New York City, the Courts of Special Sessions and the Police Courts exercise summary jurisdiction not only over traffic infractions and other offenses, but also over misdemeanors as well (Code Grim. Pro., §§ 56, 56-a, 62, 699-740-a; Town Law, § 31; Village Law, § 182; Second Class Cities Law, §§ 183, 184). It is also evident that the extreme circumstances present in cities having a population over 1,000,000 prompted the Legislature to provide for these differences with regard to traffic infractions (see Vehicle and Traffic Law, § 155).
Such legislation, of course, does not violate the equal protection clause of the Fourteenth Amendment of the United States Constitution since the statute applies equally to all citizens in cities of such a size (Budd v. New York, 143 U. S. 517, 548; cf. Bute v. Illinois, 333 U. S. 640).
The proposition that “ [defendants brought before any court should be informed of their right to counsel ” (1940 Report of *216 N. Y. Law Rev. Comm., p. 95) is known to the Legislature as are the similar pronouncements of this court (e.g., People v. Marincic, 2 N Y 2d 181; People v. Banner, 5 N T 2d 109). Regardless then of our belief that the distinction that a Magistrate sitting as such need not warn the defendant of his right to counsel, while he must if he is sitting as a Court of Special Sessions is hardly logical, we are thus compelled to concede that an alteration in the law can only be accomplished by the Legislature.
The admonition necessitated by section 335-a of the Code of Criminal Procedure having been recited, the proceeding in the Magistrates’ Court was proper.
The order appealed from should be reversed and the matter remitted to the Appellate Part of the Court of Special Sessions for determination of the questions of fact, if any, pursuant to section 543-b of the Code of Criminal Procedure.
Chief Judge Desmond and Judges Dye, Fund, Froessel, Van Voorhis and Foster concur.
Order reversed, etc.