### The PEOPLE OF the CITY OF NEW YORK ex rel. Harold THOMPSON, Petitioner,

### v.

### Henry J. NOBLE, Warden, New York City Penitentiary, Respondent.

United States District Court
S. D. New York.
July 10, 1964.

Harold Thompson, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondent, Joel Lewittes, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

■ Petitioner, confined to New York City Penitentiary, Rikers Island, pursuant to a State Court conviction for petty larceny, a misdemeanor, entered upon his plea of guilty, seeks a writ of habeas corpus to effect his immediate discharge. He was sentenced to an indeterminate term (not to exceed three years). He contends that his federally protected right to due process and the equal protection of the laws under the Fourteenth Amendment was violated. He advances four distinct grounds, none of which warrants granting his application.[1] The petitioner has not previously raised or presented two of these contentions to the State Courts and the failure to exhaust available State remedies alone requires denial of relief with respect to these claims.[2] Moreover, all four claims are without merit.

■ First, he contends that section 1937 of the New York State Penal Law, McKinney's Consol.Laws, c. 40, a statute of state-wide application, provides that a misdemeanor is punishable by imprisonment for not more than one year; that Article 7–A of the State's Correction Law, McKinney's Consol.Laws, c. 43, § 203, under which he was sentenced and which authorizes an indeterminate sentence, is applicable only to "a city of first class" (such as New York City), and accordingly his sentence thereunder is violative of his right to equal protection under the law, since any person not within a "city of first class" is subject to a maximum term of one year for a misdemeanor violation. The classification of cities within a state according to a specified minimum population has been upheld; laws applicable only to such cities and which operate equally upon all citi-

---

1. Petitioner also suggests but does not elaborate on a further claim: that his sentence to an indeterminate term constitutes the application to him of prohibited ex post facto legislation. This claim, which has not been presented to the State Courts, is without merit. The relevant statute has been in effect in substantially the same form since 1915.

2. United States ex rel. Cuomo v. Fay, 257 F.2d 438 (2d Cir. 1958), cert. denied, 358 U.S. 935, 79 S.Ct. 325, 3 L.Ed.2d 307 (1959). See Jackson v. Denno, 32 U.S. L.Week. 4620, 4627–4628 (U.S. June 23, 1964) (No. 62).

zens therein have been held not to abridge the equal protection provision of the Fourteenth Amendment.[3] Article 7–A applies to all found guilty of misdemeanors committed within cities of the first class.[4] As was observed by the New York State Court of Appeals:

"Criminal laws are not necessarily unconstitutional, even if they bear unequally upon persons in different parts of the state. The evil which the Legislature may have in view in passing such laws may exist only in the great cities of the state, and have no existence in rural districts."[5]

■ Second, petitioner alleges that his constitutional right to due process of law was violated because he was sentenced without benefit of a probation report (a claim presented to the State Courts). The State contends there was such a report, but assuming the factual issue in petitioner's favor, this does not void the judgment of conviction. Section 931 requires a presentence report "when directed by the court." Thus, the matter rests in the Court's discretion. The failure of the Court to exercise its discretion and to require a report did not trespass upon any federally protected constitutional right of the petitioner. Section 931 of the New York State Criminal Code is comparable to Federal Rule 32 (c), which requires a presentence report "unless the court otherwise directs." Our Court of Appeals has held that the fact a defendant was sentenced without the benefit of a presentence report does not violate any duty owing to a defendant.[6]

■ With respect to the lack of the probation report, the petitioner makes the further contention (as he did in the State Courts) that without it the sentencing court was in no position to make a finding as required by Article 7–A of the Correction Law, which forbids a reformatory type of sentence, such as was imposed, upon any convicted person who is "mentally or physically incapable of being substantially benefited by" reformatory treatment.[7] In the absence of a specific finding or statement which can be construed as finding to the contrary (and none appears), the sentence itself carries with it a presumption that the Court did not find the defendant incapable of being substantially benefited by commitment to a correctional or reformatory institution; if petitioner sought to attack the judgment for lack of an appropriate finding, his remedy was by way of appeal, and none was taken.[8]

■ Finally, petitioner alleges he was sentenced the same day he was convicted, contrary to section 472 of the Criminal Code, which provides that sentence shall be imposed not less than two days after conviction. The petitioner concededly waived this two-day waiting period and now contends that the Court, in accepting the waiver, denied him due process of law—just why is not made clear; in any event, his claim is without merit. There is no Federal constitutional right to a delay in sentence, and even if the State did not prescribe a waiting period, this would not offend any basic concept of fundamental fairness within the due process provision of the Fourteenth Amendment.

The petition for a writ is dismissed.

3. Budd v. New York, 143 U.S. 517, 548, 12 S.Ct. 468, 477, 36 L.Ed. 247 (1892); People ex rel. Armstrong v. Warden, 183 N.Y. 223, 225–226, 76 N.E. 11 (1905).

4. People ex rel. White v. Commissioner of Correction, 198 App.Div. 384, 387, 190 N.Y.S. 471, 473 (2d Dep't 1921). Cf. People v. Felberbaum, 9 N.Y.2d 213, 213 N.Y.S.2d 53, 173 N.E.2d 783 (1961).

5. People ex rel. Armstrong v. Warden, 183 N.Y. 223, 226, 76 N.E. 11, 12, 2 L.R.A., N.S. (1905).

6. United States v. Schwenke, 221 F.2d 356 (2d Cir. 1955).

7. N.Y. Correction Law, § 203.

8. People ex rel. Kern v. Silberglitt, 3 A.D.2d 996, 163 N.Y.S.2d 435 (1957), aff'd, 4 N.Y.2d 59, 172 N.Y.S.2d 145, 149 N.E.2d 76 (1958). See also, People v. Gross, 5 N.Y.2d 131, 181 N.Y.S.2d 499, 155 N.E.2d 396 (1959).