John E. McGeehan, J.
In dealing with the Parole Commission Act (Correction Law, art. 7-A) we are dealing theoretically with reformation as distinguished from punishment. Certainly this court recognizes the power of the court to sentence misdemeanants to consecutive terms. However, that should be done where the court finds the defendant beyond the realm of reformation and must be committed as punishment rather than for reformatory purposes. The law as to misdemeanors is in a strange condition. While for reform purposes a defendant may be confined under the Parole Commission Act for a period not to exceed three years for a misdemeanor, yet for purely punitive purposes the same defendant can only be confined under the Penal Law for a period not to exceed one year. In other words, the hardened criminal acquires his liberty before the less hardened criminal. If the trial court at the time of sentence entertains the conclusion that the defendant cannot be reformed within the pro *450 visions of the Parole Commission Act the court should not sentence the defendant under the act. The law should not be interpreted so as to inflict punishments not contemplated by the. lawmaking authorities of this State.
Judicial pronouncements should not supersede or render legislative enactments ineffectual. If the present form of our Government is to be preserved, it is necessary for the judicial branch of our Government to recognize and respect legislative functions. Notwithstanding every argument in favor of a long period of incarceration for the defendant, the law, as duly enacted by constituted authorities, must be applied. Under our American system of jurisprudence the most despised and forsaken individual is entitled to receive the full protection of the law, because this land has been dedicated to the principle of justice for all people.
It would be inconsistent to hold that a defendant convicted for two misdemeanors is capable of reformation on one misdemeanor conviction and then in order to secure a longer period of incarceration hold him to be incapable of reformation in order to pronounce sentence upon the other conviction solely for punitive purposes. Certainly, the case of People v. Thompson (251 N. Y. 428) shows the inclination of the highest court of this State in adjudicating the powers of the trial court to incarcerate a defendant upon conviction for a misdemeanor. It does violence to this court’s comprehension of simple justice to extend incarceration for a period of six years for crimes that are punishable by incarceration for a maximum of two years for purely punitive purposes, simply because the crimes were committed within the city of New York. It seems unusual that in New York State a defendant, for committing a misdemeanor on one side of the street, such as McLean Avenue, where it divides New York City from Westchester County, may be incarcerated for three full years, whereas for committing the same misdemeanor on the other side of the street, which is in Westchester County, the maximum period of incarceration is one year. Yet that is the law by legislative enactment. Now by judicial interpretation, rather than by legislative enactment, it is sought to enlarge this inequality so that the same defendant can be held incarcerated for six years in New York City but only two years in Westchester County. This result, if feasible, should be the result of clearly enunciated legislative enactment, rather than questionable judicial interpretation.
The writ is sustained.