THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN TOWER, alias HARRY MASON, Appellant.

Argued November 29, 1954; decided December 31, 1954.

*Joseph Lonardo* for appellant. I. The finding that defendant with a long criminal career could still be benefited by reformatory measures presents a paradox and constitutes an abuse of discretion. (*People* v. *Bendix,* 235 App. Div. 837, 260 N. Y. 590; *People* v. *Thompson,* 251 N. Y. 428; *People ex rel. Kohlepp* v. *McGee,* 256 App. Div. 792; *People ex rel. Gordon* v. *Ashworth,* 290 N. Y. 285.) II. The " recommendation " that defendant serve the maximum three years lacks statutory authority. It effects an unjustifiable aggravation of punishment repugnant to due process. (*People* v. *Ray,* 172 Misc. 1004, 259 App. Div. 1065; *People ex rel. Kohlepp* v. *McGee,* 256 App. Div. 792; *People ex rel. Kipnis* v. *McCann,* 199 App. Div. 30, 234 N. Y. 502; *People ex rel. Angley* v. *Warden of Penitentiary,* 153 Misc. 307.)

*T. Vincent Quinn, District Attorney (Benj. J. Jacobson* of counsel), for respondent. I. The express finding of the sentencing court that defendant was capable of benefiting from commitment to a reformatory institution may not be rebutted. (*People* v. *Thompson,* 251 N. Y. 428.) II. The court's recommendation that defendant serve three years did not invalidate the sentence. (*People ex rel. Gordon* v. *Ashworth,* 290 N. Y. 285.)

*Per Curiam.* Defendant, who had previously been convicted of three felonies, was permitted to plead guilty to the misdemeanor of unlawful entry to cover three felony counts in an indictment against him. At the time of sentence defense counsel urged that defendant was beyond redemption and, therefore, " a sentence strictly of a punitive character is the only one that under the circumstances [the] Court may impose, which would be one year in the Penitentiary  *  *  * ". The court, however, declared that it did not agree with counsel, denied defendant's motion, and sentenced him to an indeterminate term with the recommendation that he serve a term of three years, the maximum term under subdivision (b) of section 203 of the Correction Law.

On this appeal defendant contends (1) that the sentencing court abused its discretion in sentencing defendant under the reformatory provisions of subdivision (b) of section 203 of the Correction Law; and (2) that the recommendation that defendant serve the maximum term of three years was beyond the

authority of the sentencing court and invalidated the sentence.

As to (1): The sentencing court was free to conclude that defendant was not '' Insane, or mentally or physically incapable of being substantially benefited by being committed to a correctional and reformatory institution '' (Correction Law, § 203, subd. [e], par. 3) notwithstanding his long criminal record for it is manifest that such a record does not necessarily render one incapable of responding to correctional care. (See *People* v. *Bendix*, 260 N. Y. 590.)

As to (2): Under the Correction Law the function of the sentencing court is to determine, at the time of sentence, whether or not the defendant is capable of receiving substantial benefit by commitment to a correctional and reformatory institution. If the court concludes, as it did here, that the defendant is so capable, then it must impose an indeterminate term of imprisonment. Nowhere in the statute is authority given to courts to recommend the length of imprisonment at the time of such sentencing and it was improper for the court to have done so here. It is the function of the Parole Commission to determine, in the first instance, when the prisoner is sufficiently rehabilitated or reformed to be fit for return to society (see Correction Law, § 204). The court then, and then only, has power to approve or disapprove that recommendation. We cannot say, however, that the unauthorized recommendation had the effect of invalidating a sentence which the court had jurisdiction to impose. The Parole Commission is under no obligation to follow the court's recommendation. Rather, it is under an obligation to recommend the defendant's release if and when, in its judgment, defendant is fit to return to society. We must presume that the commission will do so.

The judgment should be affirmed.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Judgment affirmed.