■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PASQUALE GUARIGLIA, Also Known as PATRICK GUARIGLIA, Appellant.— Appeal by defendant from two judgments of the Court of Special Sessions of the City of New York, Borough of Brooklyn, held by a City Magistrate, convicting defendant, after a nonjury trial, of driving while intoxicated and of operating a motor vehicle without an operator's license, both misdemeanors (Vehicle and Traffic Law, formerly § 70, subds. 1, 5; § 20, subd. 4, par. a; now § 1192, subd. 2; § 501, subd. 4, par. a). Under the first judgment, rendered October 21, 1960, defendant was sentenced to serve a term of one year for driving while intoxicated and a term of 30 days for driving without a license. Under the second judgment, rendered November 4, 1960, defendant was resentenced; on each charge he was committed to the New York City Penitentiary for an indefinite term pursuant to article 7-A of the Correction Law, such indefinite term to run concurrently with respect to both charges. The appeal from the first judgment is dismissed; such judgment was superseded by the second judgment. The second judgment, rendered November 4, 1960, is reversed on the law, and the defendant is remanded for resentencing in accordance herewith. The findings of fact implicit in the decision of the trial court are affirmed. In our opinion, sections 1801 and 1600 of the Vehicle and Traffic Law, in effect at the time of the commission of the misdemeanors herein, limited the sentences which could properly be imposed to a fine of not more than $100 and imprisonment for not more than 30 days upon each conviction. Section 1801, which limited the punishment that could be imposed upon a defendant convicted of a misdemeanor by reason of the violation of any provisions of the Vehicle and Traffic Law for which another penalty was not provided, and which provided the punishment for first, second and third convictions, was derived from subdivision 10 of section 70 of the Vehicle and Traffic Law. As originally enacted, such subdivision provided for punishment for such misdemeanors by fine not to exceed $500 or imprisonment for not more than one year, or both. That statute was amended in 1936 (L. 1936, ch. 903) apparently in response to the Governor's annual message of said year, by reducing the punishment for such offenses to a fine not exceeding $100 or imprisonment not exceeding 30 days, or both, for a first offense, and by fixing minimum and maximum fines, and maximum terms of imprisonment, not exceeding 180 days for second and third offenses within 18 months. Subdivision 10 of section 70 was repealed in 1957, and section 1801 was enacted (L. 1957, ch. 698) containing substantially similar limitations on the punishment to be imposed. At the same time, section 1600 was enacted providing that the provisions of the Vehicle and Traffic Law should be applicable and should be uniform throughout the State and in all political subdivisions and municipalities therein, and that no local authority should enact or enforce any local law, ordinance, order, rule or regulation in conflict therewith unless expressly authorized to do so. It is our opinion that the plain legislative intent is that violations of the Vehicle and Traffic Law, although classed as misdemeanors and punishable by imprisonment in a penitentiary, should be punished, in the cities of the first class as well as in the State at large, as specifically provided in the Vehicle and Traffic Law; and that with respect to such violations it was not intended that the offenders should be sentenced to indeterminate terms in correctional and reformatory institutions if the sentencing court shall determine that they are capable of receiving substantial benefit from such commitment (cf. *People* v. *Tower,* 308 N. Y. 123, 125; *People* v. *Thompson,* 251 N. Y. 428, 430–431; *People* v. *Bonano,* 11 A D 2d 384, affd. 9 N Y 2d 689; *People* v. *Downing,* 281 App. Div. 748). Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.