J. Irwin Shapiro, J.
This is an application by the petitioner for a writ of error coram nobis. The basis for the relief sought is that a sentence imposed upon him on April 11, 1961 in this court was an improper sentence.
The petitioner alleges that, by reason of certain remarks made by the court at the time of sentence, the sentence was not a proper one under article 7-A of the Correction Law of the State of New York.
The petitioner was indicted January 26, 1961, and charged with the crimes of burglary in the third degree, petit larceny, and possession of bnrglers’ instruments as a felony. On February 1, 1961, in the presence of assigned counsel, he plead not guilty. Thereafter on February 17, 1961, in the presence of counsel, he withdrew his former plea of not guilty and plead guilty, before trial, to attempted possession of burglars’ instruments as a felony to cover all counts of the indictment.
*492 On April 11, 1961, in the presence of counsel, the defendant was sentenced to the New York City Penitentiary for an indefinite period to run concurrently with the time fixed for violation of parole. The court recommended he serve the maximum time for violation of parole.
It is this sentence that the petitioner is now attacking. The attack is based on the court’s stating at the time of sentence that “I think he’s got a split personality myself.” This, the petitioner alleges, indicates that the court believed that he was mentally ill and, under the provisions of section 203 (subd. [e], par. 3) of the Correction Law of the State of New York, he could not be committed to the New York City Penitentiary pursuant to the rules and regulations of that institution. The proper vehicle to attack this sentence was by way of an appeal (People ex rel. Kern v. Silberglitt, 4 N Y 2d 59, affg. 3 A D 2d 996; People v. Gross, 5 N Y 2d 131, 133). However, to clarify the record as it now exists, the court examined the minutes of sentence. After the court stated that it thought the petitioner had a split personality, it went on to say: “ This defendant has a maximum time to do, November, 1962, for violation of parole. He was released from the New York City Penitentiary in June 21, 1960, didn’t report for parole the very next month. Now, if he wants to misbehave, whether he is a schizoid, call it what you want, perhaps every man who commits deliberate crime has a medical problem involved, but the People are entitled to be protected. I am not going to do any more than send him back to the New York City Penitentiary, under the rules and regulations of that institution, the sentence in this case to run concurrently with the time fixed by the Board there for the violation of parole, with the expression of opinion by the Court that he be kept for the maximum term on the violation of probation, the violation of parole. I could in this case make my sentence start at the time when the parole ends, parole violation ends, but I prefer not to do that. I hope you make up your mind while you are away this has got to stop. ’ ’
The court appreciates that it cannot mandate upon the New York City Parole Board the period of time a defendant must serve under a sentence pursuant to article 7-A of the Correction Law. (People v. Tower, 308 N. Y. 123, 125.) The court statement was merely a recommendation. Should the Parole Board feel that the defendant needed additional rehabilitation after serving the unexpired time owed for violation of parole, he could be further detained in its discretion.
The petitioner alleges that, because of the remark by the court directed to his personality, he comes under the restrictions *493 imposed under section 203 (subd. [e], par. 3) of the Correction Law. The court does not agree with this conclusion.
As stated in People v. Silver (10 A D 2d 274, 277): “ By-practice and custom, the definite sentence is given to incorrigible criminals and recidivists, as well as confirmed drug addicts and chronic alcoholics who need restraint. When so committed under a specific penitentiary sentence, the offender is released after serving his definite term, less time off for good behavior, without any parole supervision.”
The fact that this petitioner was paroled prior to the commission of the crime for which he was convicted in this court indicates that there was a belief that he had been rehabilitated and was qualified for release subject to supervision.
This petitioner in his affidavit states “ No previous application has been made for any of the relief prayed for herein.” This is not a fact. The petitioner made an application to the Supreme Court of the State of New York, Bronx County, for a writ of habeas corpus which was dismissed on June 8, 1961, without prejudice to apply to this court for clarification of sentence. The petitioner thereupon made an application to this court on July 26, 1961 for resentence, which was denied without prejudice, the court pointing out at the time that a resentence of the defendant might well cause him to be incarcerated for a longer period than now provided. The motion is denied.