THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM WATSON, Appellant.— Appeal by defendant from a judgment of the former Court of Special Sessions of the City of New York, Borough of Brooklyn, rendered May 2, 1962 on his plea of guilty, convicting him of attempted petit larceny, and sentencing him, pursuant to article 7-A of the Correction Law, to an indefinite term in the New York City Penitentiary, not exceeding three years. Judgment affirmed. Defendant, who pleaded guilty to a misdemeanor, contends that the court abused its discretion in sentencing him pursuant to article 7-A of the Correction Law — a sentence which is forbidden for any convicted person who is "mentally or physically incapable of being substantially benefited" by reformatory treatment (Correction Law, § 203) because (1) his prior criminal record shows that he is not capable of reformation; and (2) the court in fact, although not *in haec verba*, made a finding of incorrigibility. In *People* v. *Gross* (5 N Y 2d 131, 133), the Court of Appeals unanimously approved the views on this subject stated as follows in the minority opinion in *People ex rel. Kern* v. *Silberglitt* (4 N Y 2d 59, 67–68): "In our opinion, then, the proper rule is that where there is no statement of the sentencing Judge, the sentence is conclusively presumed to be valid. The rule

is not different where the Trial Judge has made ambiguous or inconsistent statements respecting defendant's reformability. Where, however, there is an unequivocal 'affirmative finding that the offender was incapable of being substantially benefited' * * * the imposition of a sentence under article 7-A of the Correction Law is contrary to law." In our opinion, in the case at bar the record of the proceedings at the imposition of sentence does not reveal an unequivocal, affirmative finding by the sentencing court that the defendant is incapable of being substantially benefited by an indeterminate term in a penitentiary (cf. *People* v. *Regina*, 15 A D 2d 536, affd. 11 N Y 2d 1047). The fact that defendant has a previous criminal record does not preclude a finding that he is reformable (*People* v. *Tower*, 308 N. Y. 123, 135; *People* v. *Bendix*, 260 N. Y. 590; *People* v. *La Rue*, 266 App. Div. 995). Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.