Per Curiam.

We find that all of the books involved are obscene within the definitional standards of section 1141 of the Penal Law and that sufficient circumstantial evidence of scienter was presented at the trial. The sentence imposed, however, was improper and the matter must be remanded for resentencing.
The defendant was sentenced, as a third offender, to an *886 “ indeterminate term to the New York City Penitentiary, of not less than six months and no more than three years ’ ’. It is urged that this sentence, provided for under section 1141, converts a third such offense from a misdemeanor to a felony and requires a trial by jury.
Section 1141 provides that for a third offense the defendant must be “ sentenced to an indeterminate term of not less than six months nor more than three years and in addition thereto may be fined not more than five thousand dollars ’ ’. Generally, imposition of a sentence of more than one year removes a crime from the category of misdemeanor to that of felony. (People v. Bellinger, 269 N. Y. 265.) An exception to that rule is found in cases where the sentence imposed is to be correctional rather than penal, as imposed under article 7-A of the Correction Law. However, the applicable provisions of the 'Correction Law forbid the imposition of any fixed length of imprisonment such as that prescribed in section 1141 of the Penal Law. Indeterminate sentences with a fixed minimum may not be given under the Correction Law. (Correction Law, § 203, subd. [b]; People v. Tower, 308 N. Y. 123, 125; People v. Bonano, 11 A D 2d 384, affd. 9 N Y 2d 689.) Additionally, imposition of a fine precludes reception of a convicted defendant at a correctional institution. (Correction Law, § 203, subd. [f].) Therefore the sentencing provisions for third offenders are inapplicable to misdemeanors.
Nor may they be properly applied to felonies. A felony must be punishable either by death or imprisonment in a State prison. (Penal Law, § 2.) But, section 2182 of the Penal Law forbids imprisonment in a State prison if the minimum sentence imposed be for less than one year. (See, also, Penal Law, §§ 2181, 2183, 2189; Correction Law, § 230, subd. 3.) Therefore a third offender sentenced to an indeterminate term of six months to three years may not be imprisoned in a State prison.
In view of the above, we are faced with a .sentencing provision in the Penal Law which, by its very terms, may not be properly applied to either felonies or misdemeanors. The remedy for isuch a situation is not to arbitrarily determine that the section makes a violation thereof a felony. This would be no more satisfactory than ignoring the problem altogether. The only plausible .solution is to rule the section a nullity as being impossible of application and, pending possible remedial legislation, sentence all multiple offenders as the section provides for second offenders. It is suggested that the lower court, in the future, impose its sentence upon multiple offenders to be consistent herewith.
*887 Judgment of conviction modified to the extent that the sentence imposed is vacated and the matter is remanded to the lower courts for resentencing, in accordance with the views herein expressed.
Concur — Hoestadter, J. P., Hecht and Tilzer, JJ.
Judgment modified, etc.