Chief Judge Desmond.
Each of these six defendants (Levy in Queens 'County Supreme Court and the other five in Kings County Supreme Court) pleaded guilty to a misdemeanor. Each was sentenced under article 7-A of the Correction Law to an indefinite term in the New York 'City Penitentiary which means, of course, that the imprisonment could be for as long as three years whereas the maximum imprisonment, if the sentencing had not been under article 7-A, would have been one year. In each of the cases the Appellate Division, Second Department, *43 affirmed unanimously. In ilie Johnson and Price cases the Appellate Division cited People v. Watson (19 A D 2d 631) in answer to the assertion of Johnson and Price that their indeterminate sentences were illegal because, so they insist, they are “ incapable of being substantially benefited by commitment to a correctional and reformatory institution ” as distinguished from a prison (Correction Law, § 203). In the Huntley, Edwards and Levy cases the Appellate Division affirmances were without opinion.
This court like other courts in the State has had difficulties aplenty in applying the quoted part of section 203 of the Correction Law which forbids the use of the reformatory type of sentence in the case of any person who is ‘ ‘ incapable of being substantially benefited by being committed to a correctional and reformatory institution ” (see People v. Thompson, 251 N. Y. 428; People v. Tower, 308 N. Y. 123; People ex rel. Kern v. Silberglitt, 4 N Y 2d 59; People v. Gross, 5 N Y 2d 131). As we wrote in People ex rel. Kern v. Silberglitt, we know “ that this kind of sentence, authorized by the Legislature for one purpose, is being used for quite a different one ” (supra, p. 62). But we must act within the limits of our own jurisdiction. When the sentencing court makes a positive finding that the defendant cannot be reformed, he may not legally be sentenced under article 7-A (People v. Gross, supra, p. 133) but when the court imposes that type of sentence without any finding as to reforma-bility there is a necessary implication from the sentence itself that reformation is possible (People v. Thompson, supra). Such a finding, whether express or implied, must stand notwithstanding defendant’s prior criminal record (People v. Tower, supra, p. 125). It is only when the record made on sentencing contains an express or informal finding of lack of reformability that an article 7-A sentence is erroneous as matter of law, and in that ease we will reverse and remit for a proper sentence (People v. Moore, 17 N Y 2d 455).
With the above rules in mind we examine briefly into each of the cases on appeal. In Wilson’s case defendant was a parole violator who owed two years on a State prison term but was nonetheless given a sentence for an indeterminate term in the New York City Penitentiary under article 7-A. The minutes of Wilson’s sentencing contain a rather equivocal colloquy in *44 connection with the expressed desire of the defendant to be treated as a “ narcotic offender ” but it does appear that defendant’s probation report and record of previous arrests and convictions were before both the sentencing court and the Appellate Division. Since there is no express finding of impossibility of reform and since the court in sentencing examined the records of this defendant we cannot say that there was no possible valid basis for the reformatory sentence.
Johnson and Price, charged with attempted burglary third degree, first pleaded not guilty, but later were allowed to change their plea to guilty of attempted unlawful entry as a misdemeanor. Counsel representing the defendants urged the court to sentence them “under the Penal Law” — that is, to not more than a year. She proffered to the court various grounds for leniency. The court described the crime of defendants as an attempt to pry open a lock at the entrance to a liquor store. The court went on to refer to the bad record and vicious lives of both the defendants but added that he thought “ that if these fellows get a little time in the Penitentiary and they have the counsel and advice of a parole officer, they may be made good members of society”. He thereupon sentenced them under the Correction Law. Since it appears that the court made a not irrational determination that an article 7-A incarceration might profit these defendants we cannot say that the sentences were illegal.
In Huntley’s case the defendant had first pleaded not guilty to burglary third degree and petit larceny and then entered a guilty plea to the misdemeanor of unlawful entry. He had broken into a store to steal but was caught by the police while inside. At sentencing the court was informed that Huntley was a drug addict and had been in court several times before on criminal charges. There is nothing in this case to show how the sentencing court arrived at the determination to send defendant to the reformatory but it does appear that the Appellate Division, with defendant’s permission, examined his probation report before affirming. But here again the courts below were acting within their powers.
As to Alonzo Edwards, Jr., this, too, was a sentence imposed on a plea of unlawful entry as a misdemeanor. Defendant had found a door open and walked into an apartment but did not *45 steal anything. At sentencing the court remarked that defendant had been “ in and out a long time ” but stated that the ‘ ‘ Recommendation ’ ’ was that he be sent to the city penitentiary, that is, an article 7-A sentence. Apparently the reference was to a recommendation from the Probation Department. The sentencing Judge stated that he saw no reason to quarrel with that recommendation and so sentenced Edwards. In this case, too, the Appellate Division, with the consent of defendant, examined his probation report. We cannot hold this sentence illegal.
As to defendant Abner Ben Levy, the court recited that he had been arrested some 21 times for all sorts of crimes, had used many false names, given much false information and was an “ out-and-out phony ”. After the court made some reference to defendant’s pretense at having a new religion there was some discussion between court and defendant about religion, at the conclusion of which the court said, “ I still have hopes, in spite of everything, hy reason of his profession of religion, that he will see the error of his ways.” Thus we have an informal finding as to Levy that Levy was capable of reformation.
As it seems to us there is nothing illegal about any of these sentences, however ill advised some or all might seem to be, and even though article 7-A sentences may have been imposed not for reformation purposes but to keep the defendants in custody for a longer time. Under section 543 of the Code of Criminal Procedure the Appellate Division, but not the Court of Appeals, has power to modify a sentence. This court cannot so revise criminal sentences although we can send a defendant back for a resentence if it appears that the sentence imposed below was illegal. We see no such illegality here.
This whole matter of senteucing under article 7-A of the Correction Law is and has been unsatisfactory. It should have the attention of the Legislature.
The judgments should be affirmed.
Judges Fuld, Van Voorhis, Burke, Scileppi, Bergan and Keating concur.
Judgments affirmed.