788

(February 3, 1969)

The People of the State of New York ex rel Carl Popino, Appellant, v. Warden of the New York City Penitentiary, Rikers Island, Respondent.

Appeal from an order of the Supreme Court, Bronx County, entered on October 9, 1968, which dismissed a writ of habeas corpus.

Order entered on October 9, 1968, unanimously affirmed.

STEUER, J. (concurring). On July 24, 1967, defendant pleaded guilty to a misdemeanor and was sentenced to an indefinite term under former article 7-A of the Correction Law. He has since been confined in the New York City Penitentiary on Rikers Island, where he still remains. He challenges the legality of his continued incarceration by writ of habeas corpus. The writ, we believe correctly, has been dismissed by Special Term.

While article 7-A has been repealed by the Legislature (L. 1967, ch. 324), many persons are still incarcerated pursuant to its provisions and, we are informed, a number of applications similar in effect to the instant application are pending. Exposition of the underlying reasons for decision may therefore prove useful rather than academic.

Article 7-A in effect provides for indeterminate sentences not to exceed three years for defendants convicted of misdemeanors in cities having a department of correction. The Parole Board of such cities in effect determines the period of incarceration within the prescribed period by its power to release the prisoner at any time. There are certain exceptions to the applicability of the indeterminate sentence (§ 203), only one of which is here pertinent. It is found in subdivision (e) and reads:

" This article shall not apply to any person who is:
" * * *

" 3. Insane, or mentally or physically incapable of being substantially benefited by being committed to a correctional and reformatory institution."

The petitioner bases his argument on this provision when read in conjunction with the first sentence of section 208, entitled " Declaration of intent " and reading: " The purpose of this article is to empower magistrates and courts of any such city to commit persons under indeterminate sentence to penitentiaries, reformatories and workhouses and to extend the reformatory and correctional functions of all such institutions."

It is the petitioner's contention that he has been given no correctional or reformatory treatment and that therefore his detention beyond the period for which he was punishable under the maximum sentence for his crime is illegal. Respondent Warden conceded that defendant has not been given any treatment pursuant to any special or particularized program.

It should be noted that the article has survived attack on constitutional grounds from virtually every conceivable angle. No discussion of this question is in order as petitioner does not challenge the validity of the statute. Nor does he question that at the time of sentence the court could rightfully impose an indeterminate sentence, as indeed the court could (*People* v. *Thompson,* 251 N. Y. 428). However, he argues that, as the indeterminate sentence is not a device to extend the period of sentence for punitive purposes (*People ex rel. Gordon* v. *Ashworth,* 9 Misc 2d 449), unless the beneficent purposes of the statute are being carried out, its purpose is frustrated and imprisonment purportedly pursuant to it is illegal.

While the statute refers to reformatory and correctional functions and to persons capable of being benefited from them, it nowhere defines what such functions consist of, nor does it give any direction in regard to them. The remedial effects of institutionalization alone have long been recognized by the courts (*People ex rel. St. Clair* v. *Davis,* 143 App. Div. 579, 587). The benefits intended to be conferred are thought to be, in part at least, furthered by the submission to discipline (*People ex rel. Kipnis* v. *McCann,* 199 App. Div. 30, 38, affd. 234 N. Y. 502; *People ex rel. Rabiner* v. *Warden of City Prison,* 209 App. Div. 795).

We do not urge that extended imprisonment alone is remedial. What does have a reforming effect is a sociological and not a legal question. By failing to give so much as a hint of what the criteria should be, the Legislature left the implementation of its program to the designated authorities. No power of interference or direction is given to the courts. Nor can their administration of the functions assigned them be made the subject of indirect attack by releasing prisoners from their jurisdiction without the clearest showing that their procedure is not designed to produce the stated purpose of the act. The absence of a formal program of rehabilitation is not such a showing. The record shows other factors by which an attitude conformable to accepted standards may be induced. Their efficacy is not for us to judge.

Some doubt may be entertained whether habeas corpus is an appropriate procedure. Where the defendant is not a person who could benefit by the indeterminate sentence, habeas corpus is not available (*People ex rel. Kern* v. *Silberglitt,* 4 N Y 2d 59). This is because the suitability of the defendant can be determined from the face of the record, and relief should be by way of appeal from the judgment of conviction (*People* v. *Bendix,* 260 N. Y. 590; *People* v. *Tower,* 308 N. Y. 123). The situation here is otherwise. The treatment to be accorded defendant while in custody could not possibly appear in the record of his trial. Defendant's contention that he is being held illegally is based entirely on facts arising after his sentence, and he does not question the sentence itself. However, in the view we take, it is unnecessary to determine the propriety of the remedy.

The order and judgment dismissing the writ should be affirmed, without costs or disbursements.

Stevens, J. P., Eager, Capozzoli and Tilzer, JJ., concur in decision; Steuer, J., in opinion.

Order entered on October 9, 1968, unanimously affirmed.